**Pedro M. ANTONIO and Wife, Teresita Antonio, and Rogelio M. Miguela and Wife, Gloria Miguela, Appellants**

v.

**Rico MARINO, S.A. and Almirante Shipping, S.A., Appellees.**

No. 14–94–00130–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 16, 1995.

Rehearing Overruled Dec. 20, 1995.

W. Mark Lanier, Houston, Vincent L. Marable, III, Wharton, for appellants.

Ted C. Litton, Houston, for appellees.

Before MURPHY, C.J., and ANDERSON and HUDSON, JJ.

## OPINION ON REHEARING

MURPHY, Chief Justice.

This is an appeal from the dismissal of a suit for lack of personal jurisdiction and pursuant to the doctrine of forum non conveniens. In our original opinion filed April 20, 1995, we affirmed the trial court's judgment. On motion for rehearing, appellants challenges our findings regarding forum non conveniens, personal jurisdiction, and venue. Appellees also move for rehearing challenging our holding that the trial court improperly dismissed the case on the basis of forum non conveniens. We grant appellants' motion in part and deny appellees' motion. We withdraw our opinion of April 20, 1995 and substitute this opinion affirming the trial court's judgment as modified.

Only a brief statement of the facts is necessary for disposition of this appeal. Appellants, who are citizens of the Republic of the Philippines, were seamen working aboard the PIONEER LEADER, an oceangoing vessel used to transport automobiles. Appellants alleged that they were assaulted and denied wages while aboard the vessel in the port of Houston. Appellants filed suit in Matagorda County, Texas under the Jones Act and general maritime law.

Appellees removed the case to federal court, but the federal district court remanded the case back to state court. Appellees then filed special appearances objecting to jurisdiction and the trial court sustained these objections. Appellants then filed a motion for rehearing and reconsideration, which the trial court granted. Appellees then filed a motion to transfer venue to Harris County and this motion was granted. Once in Harris County, appellants asked for reconsideration of their special appearances and moved for dismissal based on forum non conveniens. The court granted the motions. In its order of dismissal, the trial court stated that it was dismissing "for lack of in personam jurisdiction and pursuant to the doctrine of forum non conveniens...."

We turn first to point of error three in which appellants claim the trial court erred in dismissing their claims because the actions of appellees were sufficient to find specific jurisdiction. In an attempt to avoid consideration of the merits of this point of error, appellees contend that, because there is no statement of facts from the special appearance hearing, we must presume that the evidence considered by the trial court was sufficient to support the judgment. The general rule is that, where no statement of facts from an evidentiary hearing is filed, we must presume the evidence supports the judgment. *Guthrie v. National Homes Corp.*, 394 S.W.2d 494, 495 (Tex.1965). The trial court's order of dismissal, however, indicates that no evidence was offered at the hearing. Before ordering dismissal, the court recites in its order that it considered the motion for reconsideration of special appearances, the motion to dismiss for forum non conveniens, together with all pleadings and the arguments of counsel. Where the trial court hears no evidence, but expressly bases its decision on papers filed and the arguments of counsel, appellants are not required to obtain transcription of the hearing to preserve error and there are no factual resolutions to presume in the trial court's favor. *Otis Elevator Co. v. Parmelee*, 850 S.W.2d 179, 181 (Tex.1993). Thus, there is no merit to appellees' contention.

Turning to the issue raised by appellants under this point, we must determine whether the court correctly found it could not exercise personal jurisdiction over appellees. The Texas long-arm statute allows the exercise of jurisdiction over nonresidents "doing business" in Texas. TEX.CIV.PRAC. & REM.CODE ANN. § 17.042 (Vernon 1986). This statute contains broad language permitting the statute to reach as far as the federal constitutional requirements of due process allow. *Guardian Royal Exchange Assur., Ltd. v.*

*English China Clays, P.L.C.*, 815 S.W.2d 223, 226 (Tex.1991). The federal due process requirements are two-fold: (1) whether the nonresident defendant has purposely established minimum contacts with the forum; and (2) if so, whether the exercise of jurisdiction comports with "fair play and substantial justice." *Id.* (quoting *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475–76, 105 S.Ct. 2174, 2183–84, 85 L.Ed.2d 528 (1985)).

■ In deciding whether minimum contacts exist, we must consider whether the nonresident defendant has "purposefully availed itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Guardian Royal,* 815 S.W.2d at 226. The "purposeful availment" requirement ensures that a nonresident defendant will not be haled into a jurisdiction with which he has only random or attenuated contacts. *Id.* Furthermore, individuals must have fair warning that their actions may subject them to the jurisdiction of a foreign sovereign. *Id.*

■ The minimum contacts analysis may also be divided into specific and general jurisdiction. *Id.* at 227. If specific jurisdiction is asserted, as it is here, the cause of action must arise out of or relate to the nonresident defendant's contact with the forum state. *Id.* The analysis focuses on the relationship between the defendant, the forum, and the litigation. *Id.* at 228.

If the court determines that there are minimum contacts with the forum state, those contacts are evaluated in light of five factors to determine if the assertion of jurisdiction comports with fair play and substantial justice. *Id.* Those factors are: "(1) 'the burden on the defendant,' (2) 'the interests of the forum state in adjudicating the dispute,' (3) 'the plaintiff's interest in obtaining convenient and effective relief,' (4) 'the interstate judicial system's interest in obtaining the most efficient resolution of controversies,' and (5) 'the shared interest of the several States in furthering fundamental substantive social policies'." *Id.*

■ In support of its special appearance, appellee Rico filed the affidavit of Kenko Ichi. Ichi is an employee of Rico. This affidavit indicates that Rico is a Panamanian business entity, organized under the laws of Panama, and has no office or employees in the United States or the state of Texas. This affidavit further notes that Rico has always conducted business outside of the United States, owns no property or bank accounts in Texas, and does not recruit Texas residents.

In support of its special appearance, appellee Almirante filed the affidavit of Keizo Kashiwagi. The affidavit of Kashiwagi indicates that he is a vice-president of Almirante and that the vessel PIONEER LEADER is a Panamanian-flagged, oceangoing vessel used to carry automobiles from Japan to various ports. The affidavit further states that the vessel has no regular schedule of ports at which it calls, but follows the schedule of the charterer, Nippon Yusen, K.K. The vessel crew included personnel from Japan and the Philippines. Appellants were Filipino citizens employed by Rico under contracts of employment.[1] This affidavit further notes that Almirante's officers and directors are Japanese citizens and residents, and that its place of business is in Japan. Almirante has solicited no business in Texas and has never had any employees in Texas, other than five occasions in 1989 when the vessel called at the port in Houston.

The only contacts alleged by appellants are that they were assaulted by one of appellees' employees and were improperly denied wages upon reaching port in Houston. Appellants assert that these contacts are sufficient; however, the cases they cite in support of this contention all involve actions purposely directed to residents of the forum state such that the defendant should have foreseen that he might be haled into court in that state. *Memorial Hospital System v. Fisher Ins. Agency, Inc.,* 835 S.W.2d 645 (Tex. App.—Houston [14th Dist.] 1992, no writ)

---

1. The appellants' contracts of employment, attached as exhibits to the affidavit, provide that "claims, complaints or controversies ... shall be exclusively resolved through the establish [sic] grievance procedure, the Philippine Overseas Employment Administration (POEA) and the Philippine Court of Justice, in that order."

(defendant made misrepresentation by telephone to Texas resident); *Phillips v. Phillips*, 826 S.W.2d 746 (Tex.App.—Houston [14th Dist.] 1992, no writ) (child support case where defendant made many trips to Texas with children to visit spouse's family); *General Electric Co. v. Brown & Ross Int'l Distrib., Inc.,* 804 S.W.2d 527 (Tex.App.—Houston [1st Dist.] 1990, writ denied) (defendant's routine sales of counterfeit products in Texas constituted tortious acts against plaintiff's customers in Texas); *Bissbort v. Wright Printing and Publishing Co.,* 801 S.W.2d 588 (Tex.App.—Fort Worth 1990, no writ) (defendant initiated negotiations by a telephone call to Texas, executed and returned a contract requiring payment in Texas, and wired money to Texas); *Portland Sav. & Loan Ass'n v. Bernstein,* 716 S.W.2d 532 (Tex.App.—Corpus Christi 1985, writ ref'd n.r.e.), *cert. denied,* 475 U.S. 1016, 106 S.Ct. 1200, 89 L.Ed.2d 313 (1986) (misrepresentations were made to a Texas resident by telephone, by letter, and in person; reliance occurred in Texas; and there was a nexus between such acts committed in Texas and plaintiff's causes of action); *Arterbury v. American Bank & Trust Co.,* 553 S.W.2d 943 (Tex.Civ. App.—Texarkana 1977, no writ) (appellee came into Texas, through an agent, to repossess automobile of Texas resident); *Brown v. Flowers Indus. Inc.,* 688 F.2d 328 (5th Cir. 1982), *cert. denied,* 460 U.S. 1023, 103 S.Ct. 1275, 75 L.Ed.2d 496 (1983) (defendant made single defamatory telephone call to Texas resident).

In this case, however, the actions of appellees were not purposely directed at Texas or at residents of Texas. Instead, the actions occurred on board a foreign vessel against Filipino citizens. The fact that these actions occurred while the vessel was in port in Houston does not establish a sufficient relationship among the defendant, the forum, and the litigation to support a finding of specific jurisdiction. Texas courts do not necessarily have jurisdiction over a nonresident who commits a tort in Texas. *Memorial Hospital,* 835 S.W.2d at 650. There must be a substantial connection between the contact and the causes of action. *Id.* Here, there is no substantial connection between the contact with Texas and appellants' causes

of action. Appellees' occasional contact with Texas also had no impact on any Texas resident and was not purposely directed at the forum.

Even if we were to find sufficient minimum contacts, we should hold that the exercise of jurisdiction in Texas offends traditional notions of fair play and substantial justice. Appellees are foreign companies and appellants are Filipino citizens. Besides the burden on both parties of litigating these claims in Texas, Texas has no interest in adjudication of this dispute. Consequently, we hold that the trial court properly found insufficient minimum contacts to justify the exercise of personal jurisdiction over appellees and we overrule point of error three.

In point of error two, appellants claim the trial court erred in granting the special appearances and dismissing appellants' claims because the special appearances were waived by appellees' motion for dismissal and receipt of relief under the doctrine of forum non conveniens. Appellants first argue that the court erred in dismissing for lack of jurisdiction because the dismissal pursuant to forum non conveniens presumes the existence of personal jurisdiction. Appellants also argue that, because appellees moved for dismissal pursuant to the doctrine of forum non conveniens, they waived their challenge to the court's jurisdiction.

■ We find no merit in appellants' claim of waiver. Appellees' motion for dismissal under the doctrine of forum non conveniens was made expressly subject to the special appearance. Therefore, this motion for dismissal did not waive the special appearance. *See Stegall & Stegall v. Cohn,* 592 S.W.2d 427, 429 (Tex.App.—Fort Worth 1979, no writ).

■ We do find merit in appellants' challenge to the ruling on forum non conveniens where the trial court had no personal jurisdiction. A trial court shall not consider forum non conveniens "until and unless the personal jurisdiction—due process determination is complete." *Dow Chemical Co. v. Castro Alfaro,* 786 S.W.2d 674, 685 n. 8 (Tex. 1990) (Doggett, J., concurring), *cert. denied,* 498 U.S. 1024, 111 S.Ct. 671, 112 L.Ed.2d 663

(1991). *See also Exxon Corp. v. Chick Kam Choo*, 881 S.W.2d 301, 302 n. 2 (Tex.1994). If a trial court has no personal jurisdiction over the defendants, it has no jurisdiction to dismiss on the grounds of forum non conveniens. *See Chick Kam Choo*, 881 S.W.2d at 302, n. 2. Because we have upheld the trial court's ruling that it had no personal jurisdiction, the trial court necessarily erred in ruling on the motion to dismiss on the ground of forum non conveniens. Thus, we sustain point of error two.

In point of error four, appellants contend the trial court erred in dismissing Plaintiff's claims against Defendant Rico Marino on the basis of lack of personal jurisdiction because Defendant Rico Marino waived its special appearance by: (1) failing to follow the due order of pleading requirement of Texas Rule of Civil Procedure 120a; (2) filing its Notice of Removal prior to filing its special appearance; and (3) making a general appearance prior to filing its special appearance to contest personal jurisdiction. Each of these complaints relates to the notice of removal. In their motion for rehearing, appellants also claim the appellees filed a stipulation agreeing to the jurisdiction of the Philippines which was not made subject to their special appearance. Thus, appellants contend this stipulation was a general appearance.

■ Rule 120a requires that a special appearance to contest personal jurisdiction be filed before a motion to transfer venue or any other plea, pleading, or motion. TEX.R.CIV.P. 120a. Appellants contend that appellees' filing of the Notice of Removal before the special appearance waived the right to challenge personal jurisdiction; however, Texas case law holds otherwise. *Curry v. Dell Publishing Co.*, 438 S.W.2d 887, 890 (Tex.Civ. App.—El Paso 1969, writ ref'd n.r.e.), *overruled on other grounds, Kawasaki Steel Corp. v. Middleton*, 699 S.W.2d 199 (Tex. 1985). In *Curry*, the court expressly held that the filing of a notice of removal did not waive a defendant's right to assert a special appearance. *Id.* at 890. The *Curry* court explained that filing a notice of removal is not a general appearance, but merely takes the case out of the hands of the state court. *Id.* Thus, the filing of the notice of removal

was not a general appearance and did not waive appellees' special appearance.

■ Appellants also claim that appellees waived their special appearance by filing a stipulation that they would submit to the jurisdiction of the Philippines. In a letter to counsel for both parties, the trial judge stated that he was "granting [appellees'] motion [to dismiss] as to all remaining claims, and will dismiss them upon stipulation by [appellees] that they will submit to jurisdiction in the Philippines." Appellee Almirante Shipping then filed a stipulation that it would submit to the jurisdiction of the Philippines on any cause filed by appellants within 180 days of the date of the trial court's dismissal. Appellee did not express in this stipulation that it was made subject to the special appearance. Because the trial court indicated it was granting the motion to dismiss on the ground of lack of personal jurisdiction and requested the stipulation, we refuse to find that the stipulation waived the special appearance. Therefore, we overrule point of error four.

Under point of error one, appellants contend the trial court erred in dismissing Plaintiff's claims pursuant to the doctrine of forum non conveniens because the United States Supreme Court has held that the doctrine of federal maritime forum non conveniens does not preempt or apply to suits brought in state court under the Jones Act and general maritime law. Appellants also complain that there is no evidence in the record that the Republic of the Philippines will permit the litigation of Plaintiffs' claims or that the Republic of the Philippines provides a forum for all of Plaintiffs' remedies. Because we have held the trial court had no personal jurisdiction and therefore erred in ruling on the motion to dismiss based on forum non conveniens, we need not address this point of error.

■ Similar to the issue raised in point of error four, appellants challenge the transfer of venue in point of error five on the ground that appellees' failure to follow the due order of pleading rule waived the right to transfer venue. Appellants also contend appellees

made a general appearance by filing the motion to transfer venue.

As we previously noted, appellees filed their special appearance before any other motion and all subsequent motions were made subject to the special appearance. Therefore, the filing of the motion to transfer venue did not constitute a general appearance. Furthermore, we have held that the filing of the notice of removal does not violate Rule 120a. Thus, the filing of the notice of removal did not result in waiver of the right to transfer venue. We overrule point of error five.

Because we have upheld the trial court's dismissal for lack of personal jurisdiction, we have necessarily found that the trial court erred in ruling on the motion to dismiss for forum non conveniens. Therefore, we modify the judgment to delete the portion of the judgment dismissing the suit on the ground of forum non conveniens. As so modified, we affirm the judgment of the trial court.