Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio


**OPINION**

No. 04-08-00209-CV

Brian T. **BOYD**,
Appellant

v.

David **KOBIEROWSKI**,
Appellee

From the County Court at Law No. 10, Bexar County, Texas
Trial Court No. 307130
Honorable Irene Rios, Judge Presiding

Opinion by:     Rebecca Simmons, Justice

Sitting:        Catherine Stone, Chief Justice
                Rebecca Simmons, Justice
                Marialyn Barnard, Justice

Delivered and Filed:   February 25, 2009

AFFIRMED

This interlocutory appeal arises from the trial court's denial of Appellant Brian T. Boyd's special appearance. Appellee David Kobierowski, a Texas resident, obtained a default judgment against Boyd, a California resident, in a suit over Boyd's sale of a California vehicle to Kobierowski. Because Boyd entered a general appearance by failing to specially appear after prevailing on a restricted appeal, we affirm the trial court's denial of Boyd's special appearance.

### FACTUAL BACKGROUND

Boyd advertised a vehicle for sale in California in the San Diego Auto Trader magazine. Although Boyd asserts he did not request it, the advertisement also appeared on the Collector Car Trader Online website. Kobierowski, while located in Texas, saw the online advertisement and telephoned Boyd, in California, inquiring about the vehicle. After several conversations, the two agreed on the terms of the sale and both Boyd and Kobierowski signed the bill of sale. Kobierowski paid for the vehicle by electronic fund transfer and made the necessary arrangements for the vehicle to be shipped to Texas. Immediately after receipt, Kobierowski inspected the vehicle, was dissatisfied with its condition, and sought to rescind the contract. Boyd refused and Kobierowski filed suit alleging that Boyd made material misrepresentations regarding the vehicle's condition.

### PROCEDURAL BACKGROUND

**A. First Default Judgment for Damages**

Approximately five months after the sale, Kobierowski sued Boyd in Texas for breach of contract, fraud, misrepresentation, and several Deceptive Trade Practices Act violations. When Boyd failed to answer, Kobierowski took a default judgment. On June 21, 2006, Boyd filed a restricted appeal. This court reversed the default judgment based on defective personal service and remanded the cause to the trial court. *Boyd v. Kobierowski*, No. 04-06-00411-CV, 2007 WL 390368, at *1–2 (Tex. App.—San Antonio Feb. 7, 2007, no pet.) (mem. op.).

**B. Second Default Judgment for Damages**

Following the remand, Kobierowski tried repeatedly to convince Boyd to file an answer. Kobierowski argues that because Boyd filed a restricted appeal, Texas Rule of Civil Procedure 123 made Boyd subject to personal jurisdiction in the trial court. Kobierowski's counsel asserts

he repeatedly telephoned, faxed, and wrote Boyd's counsel requesting that he file an answer on Boyd's behalf so that the case could move forward. Boyd, however, failed to either specially appear or answer, and Kobierowski took a second default judgment. In response, Boyd filed a special appearance and a motion for new trial subject to the special appearance. The trial court denied Boyd's special appearance, but granted his motion for new trial. On appeal, Boyd asserts the trial court erred in denying his special appearance.

SPECIAL APPEARANCE

A special appearance, properly entered, enables a non-resident defendant to object to personal jurisdiction in a Texas court. TEX. R. CIV. P. 120a. However, a non-resident defendant may be subject to personal jurisdiction in Texas courts if the defendant enters a general appearance. TEX. R. CIV. P. 120; *Kawasaki Steel Corp. v. Middleton*, 699 S.W.2d 199, 201 (Tex. 1985) (per curiam). A general appearance entered before a special appearance waives the special appearance. *Exito Elecs. Co. v. Trejo*, 142 S.W.3d 302, 304–05 (Tex. 2004) (per curiam). Therefore, we first review the record to determine if Boyd, by failing to specially appear after obtaining a reversal of a default judgment based on defective process, entered a general appearance and thereby waived his special appearance.

**A. Standard of Review**

A denial of a special appearance is an appealable interlocutory order. TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(7) (Vernon 2008). In reviewing a special appearance, we "may review the fact findings for both legal and factual sufficiency." *BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002). "Whether a court has personal jurisdiction over a defendant is a question of law" which we review de novo. *Id.*

## B. General Appearance After Restricted Appeal

A non-resident defendant[1] may enter a general appearance by seeking "the judgment of the court on any question other than the court's jurisdiction." *Exito*, 142 S.W.3d at 304. To clarify how a non-resident defendant enters a general appearance after obtaining a reversal of a default judgment based on defective service, we review the history of Texas Rule of Civil Procedure 123.

### 1. History of Texas Rule of Civil Procedure 123

Until 1879, a non-resident could make a special appearance in a Texas court to contest personal jurisdiction.[2] In 1879, Texas adopted the Revised Statutes (including article 1244) which conveyed personal jurisdiction over a non-resident defendant acting in a Texas court even if the defendant's sole act was to contest personal jurisdiction. *York v. State*, 73 Tex. 651, 655, 11 S.W. 869, 870 (1889); *accord Kawasaki Steel*, 699 S.W.2d at 201. Under article 1244, if a non-resident defendant appealed to a Texas court against a judgment based on defective or no service and prevailed on that appeal, the defendant entered a general appearance by operation of law. *York v. State*, 73 Tex. at 657, 11 S.W. at 871. In fact, "if [a non-resident defendant] ask[ed] the court to determine *any* question, even that of service, he submit[ted] himself wholly to its jurisdiction." *York v. Texas*, 137 U.S. 15, 20 (1890) (emphasis added). Instead of objecting to personal jurisdiction, a non-resident defendant could take no legal action in Texas and merely contest the judgment's enforcement in the defendant's own state. *Id.* at 21.

---

[1] Texas Rule of Civil Procedure 120a allows "any party" contesting personal jurisdiction to enter a special appearance. TEX. R. CIV. P. 120a. For simplicity, we limit our discussion in this case to a defendant seeking to enter a special appearance. *See* E. Wayne Thode, *In Personam Jurisdiction; Article 2031B, The Texas "Long Arm" Jurisdiction Statute; and the Appearance to Challenge Jurisdiction in Texas and Elsewhere*, 42 TEX. L. REV. 279, 311 n.185 (1964) (using a similar simplification).

[2] *York v. Texas*, 137 U.S. 15, 19–20 (1890) (recognizing that earlier Texas law permitted a special appearance); *York v. State*, 73 Tex. 651, 655, 11 S.W. 869, 870 (1889) ("[P]rior to the adoption of the Revised Statutes [in 1879], there can be no claim that [a special appearance] . . . would have given jurisdiction over the person of appellant."), *aff'd*, *York v. Texas*, 137 U.S. 15 (1890).

In 1941, article 1244 under the Revised Statutes became Rule 123 in the Texas Rules of Civil Procedure. Rule 123 reads as follows:

> Where the judgment is reversed on appeal or writ of error for the want of service, or because of defective service of process, no new citation shall be issued or served, but the defendant shall be presumed to have entered his appearance to the term of the court at which the mandate shall be filed.

TEX. R. CIV. P. 123. Rule 123 continued article 1244's provision that a non-resident defendant who obtained a reversal of a judgment based on defective or no service entered a general appearance. *See* TEX. R. CIV. P. 123; *Kawasaki Steel*, 699 S.W.2d at 201.

### 2. *Special Appearance Exception Under Rule 120a*

After more than seven decades without it, the special appearance was reinstated by Rule 120a. *See* TEX. R. CIV. P. 120a (becoming effective on September 1, 1962). Rule 120a creates an opportunity for a non-resident defendant to except to the provision in Rule 123 that creates a general appearance on reversal of a default judgment based on defective or no service. *See id.*; *Boyo v. Boyo*, 196 S.W.3d 409, 415 (Tex. App.—Beaumont 2006, no pet.).

However, if the non-resident defendant tries but fails to properly enter a special appearance, the appearance becomes a general appearance.[3] Further, by its plain language, the special appearance rule requires an affirmative act by the defendant to invoke the exception: the party must file, in a particular order, a sworn motion containing specific information. *See* TEX. R. CIV. P. 120a. If the non-resident defendant fails to properly exercise the special appearance exception, the defendant's failure to act leaves Rule 123's presumptions intact. The non-resident

---

[3] *See generally Moki Mac River Expeditions v. Drugg*, 221 S.W.3d 569, 574 (Tex. 2007) (reiterating the non-resident defendant's "burden of negating all bases of jurisdiction in [the plaintiff's] allegations" to avoid a general appearance); *Liberty Enters., Inc. v. Moore Transp. Co.*, 690 S.W.2d 570, 571–72 (Tex. 1985) (holding that the non-resident defendant's pleadings and motions violated the special appearance requirements so the defendant entered a general appearance); *Antonio v. Marino*, 910 S.W.2d 624, 629 (Tex. App.—Houston [14th Dist.] 1995, no writ) (denying a special appearance because the appellant violated the due order of pleading requirement); *Steve Tyrell Prods., Inc. v. Ray*, 674 S.W.2d 430, 437 (Tex. App.—Austin 1984, no writ) ("[A]ppellants waived their special appearance by not timely pressing for a hearing on their special appearance motion . . . .").

defendant, against whom the default judgment based on defective service was overturned, "will be presumed to have entered a general appearance if a special appearance is not properly filed." *Boyo*, 196 S.W.3d at 419 n.3; *accord Kawasaki Steel*, 699 S.W.2d at 201.

### 3. Effects of Rule 123

Rule 123 applies "[w]here the judgment is reversed on appeal or writ of error for the want of service, or because of defective service of process." TEX. R. CIV. P. 123. The rule has two principal effects that are relevant here.

First, Rule 123 recognizes that because the defendant is appealing the judgment, the defendant has notice of the action. By appealing the judgment, a defendant submits to the trial court's jurisdiction and eliminates the need for new service. *See* TEX. R. CIV. P. 123; *Cates v. Pon*, 663 S.W.2d 99, 102 (Tex. App.—Houston [14th Dist.] 1983, writ ref'd n.r.e.).

Second, besides excusing citation, Rule 123 presumes the non-resident defendant's general appearance after reversal of a judgment based on defective or no service. TEX. R. CIV. P. 123; *McKanna v. Edgar*, 388 S.W.2d 927, 930 (Tex. 1965);[4] *Bloom v. Bloom*, 935 S.W.2d 942, 947 n.2 (Tex. App—San Antonio 1996, no writ). Rule 123's presumption of a general appearance is also consistent with "the spirit of the statute," shared by Rules 121 and 122, that when a non-resident defendant ask for an adjudication, even if only to contest service, the defendant enters a general appearance. *See York v. State*, 73 Tex. at 656, 11 S.W. at 871. A

---

[4] McKanna was a non-resident defendant admittedly doing business in Texas. *McKanna*, 388 S.W.2d at 929. In *GFTA*, the Texas Supreme Court criticized the appellate court for misapplying *Kawasaki* to a case where the non-resident defendant challenged the method of service *and* minimum contacts. *GFTA Trendanalysen B.G.A. Herrdum GMBH & Co. v. Varme*, 991 S.W.2d 785, 786 (Tex. 1999) (per curiam) (distinguishing, implicitly, *McKanna's* general rule from the case under review because GFTA and Kawasaki challenged minimum contacts whereas McKanna did not). Where, in a special appearance, a non-resident defendant concedes minimum contacts and unsuccessfully challenges only service, a general appearance occurs; but where a non-resident defendant also challenges minimum contacts, *McKanna's* general rule could not apply to waive the non-resident defendant's "contest to jurisdiction based on minimum contacts." *GFTA*, 991 S.W.2d at 786. Here, however, Boyd's failure to enter a special appearance after the first default judgment fails to challenge either defective service or minimum contacts; thus, *GFTA* does not help Boyd avoid *McKanna's* general rule.

"general appearance puts [the] defendant 'before the court for all purposes.'" *Baker v. Monsanto*, 111 S.W.3d 158, 161 (Tex. 2003) (quoting *Sullivan v. Doyle*, 108 Tex. 368, 370, 194 S.W. 136, 137 (1917)).

### 4. *Rule 123 Applies Absent a Valid Special Appearance*

The non-resident defendant may avoid a general appearance by properly employing the special appearance exception. TEX. R. CIV. P. 120a. For instance, a non-resident defendant may enter a special appearance after a judgment is reversed for defective or no service. However, failure to file a special appearance upon remand results in a general appearance. Rule 120a warns defendants: "Every appearance, prior to judgment, not in compliance with this rule is a general appearance." TEX. R. CIV. P. 120a. But, not every appearance flaw is fatal, and some defects in special appearances can be cured; "[R]ule [120a] does not limit the kinds of defects that can be cured." *Dawson-Austin v. Austin*, 968 S.W.2d 319, 322 (Tex. 1998). However, an untimely motion is more problematic than merely being defective; an untimely motion can be a legal nullity. *Moritz v. Preiss*, 121 S.W.3d 715, 720 (Tex. 2003); *Colvin v. Rickert*, No. 04-05-00165-CV, 2006 WL 285993, at *10 (Tex. App.—San Antonio Feb. 8, 2006, pet. denied) (mem. op.). Moreover, an unfiled motion does not even rise to the level of an untimely motion. Thus, failing to file a special appearance is not a defect that can be cured by amendment under Rule 120a. Therefore, without a properly filed special appearance, Rule 123's presumption of a general appearance applies and the defendant is subject to a default judgment.

## C. Personal Jurisdiction over Boyd by his General Appearance

After Boyd learned of the first default judgment entered against him, he *chose* to file a restricted appeal in Texas. Boyd did not have to take any action in Texas; he could have waited and contested enforcement of the judgment in California. *See York v. Texas*, 137 U.S. at 20–21;

*Kawasaki Steel*, 699 S.W.2d at 201. However, by acting in a Texas court, Boyd subjected himself to the corresponding consequences of Texas laws including Texas Rule of Civil Procedure 123. *See York v. Texas*, 137 U.S. at 20–21. After Boyd secured a reversal of the judgment based on defective service, he was effectively served. *See* TEX. R. CIV. P. 123. Further, on reversal, Boyd was presumed to have entered a general appearance. *See id.* However, Boyd could have escaped Rule 123's presumption of a general appearance using Rule 120a's special appearance. *See* TEX. R. CIV. P. 120a. Instead, the record shows that Boyd did nothing. Over the course of the five months after the reversal and remand, Kobierowski's counsel repeatedly telephoned, faxed, and wrote Boyd's counsel asking him to file an answer on Boyd's behalf so that the case could move forward. Despite Kobierowski's efforts, Boyd failed to file a special appearance or an answer. Just over six months after the mandate,[5] with no special appearance or answer from Boyd, Kobierowski obtained a second default judgment. After the second default judgment, Boyd filed a special appearance and a motion for new trial. In the special appearance hearing, Boyd did not assert mistake or accident for failing to file a special appearance. The trial court denied his special appearance and granted his motion for new trial.

By failing to timely enter a special appearance after reversal of the first default judgment, especially in light of Kobierowski's counsel's requests that he do so, Boyd entered a general appearance which granted the trial court personal jurisdiction over him.[6] Thus, having acquired personal jurisdiction over Boyd, the trial court properly denied his special appearance.

---

[5] We do not decide that a defendant has six months after the mandate issues to file a special appearance. We merely note that Boyd had not filed a special appearance by the traditional answer deadline. *See* TEX. R. CIV. P. 99(c) (stating the required notice clause for a citation). In fact, after more than six months post-mandate, Boyd had not filed a special appearance.

[6] Given his general appearance, we need not consider Boyd's other arguments—on due order of pleadings, pleading allegations, or minimum contacts—that he was not subject to personal jurisdiction in Texas. *See* TEX. R. APP. P. 47.1 (mandating concise opinions).

### CONCLUSION

We hold that a defendant enters a general appearance by failing to timely file a special appearance after prevailing on a restricted appeal. Thus, the trial court properly denied Boyd's special appearance. We affirm the trial court's denial of Boyd's special appearance and remand the case to the trial court for further proceedings consistent with this opinion.

Rebecca Simmons, Justice