# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00125-CV

**Michael Nathan Kashan, individually and d/b/a Sima Mail & Market and d/b/a Discount City USA and Discount City USA, LLC, a California Limited Liability Company, d/b/a Sima Mail & Market, Appellant**

**v.**

**McLane Company, Inc., a Texas Corporation, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 146TH JUDICIAL DISTRICT NO. 242,417-B, HONORABLE RICK MORRIS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Michael Nathan Kashan, individually and d/b/a Sima Mail & Market and d/b/a Discount City USA and Discount City USA, LLC, appeals the trial court's nihil dicit judgment against him.[1] We will reverse and remand in part, because (1) the deadline for filing an answer had not passed at the time the judgment was signed, and (2) the Secretary of State's certificate of service does not indicate that citation was forwarded to Kashan and thus is insufficient to substitute for the citation and return requirements in the rules of civil procedure. *See* Tex. R. Civ. P. 237a (providing answer deadline for cases remanded from federal court), 107 (default judgment not permitted if

---

[1] A judgment nihil dicit is a default judgment rendered when the defendant has participated in the suit (such as by filing a dilatory plea) but has filed no pleading placing the merits of the plaintiff's case in issue. *Stoner v. Thompson*, 578 S.W.2d 679, 683 (Tex. 1979); *Frymire Eng'g Co., Inc. v. Grantham*, 524 S.W.2d 680, 681 (Tex. 1975). As a general rule, a judgment nihil dicit is considered so similar to a no-answer default that the same rules regarding the effect and validity of the judgment apply to both. *Stoner*, 578 S.W.2d at 682.

citation and officer's return are not on file for required amount of time), 239 (authorizing default judgment only if citation with officer's return are on file for required amount of time). The portion of the trial court's judgment overruling Kashan's special appearance is affirmed.

## FACTUAL AND PROCEDURAL BACKGROUND

McLane Company, Inc. ("McLane") filed a suit on a sworn account and for breach of contract against "Discount City USA" and a breach-of-guaranty action against "Michael Nathan, a/k/a Michael Kashan, individually and d/b/a Sima Mail & Market," both arising from McLane's sale of wholesale food and goods to Discount City. McLane alleged that the defendants were nonresidents of Texas who entered into contracts with McLane, a Texas domiciliary, that contain provisions consenting to jurisdiction in Texas and venue in Bell County, Texas.

McLane served its "Original Petition and Suit on Sworn Account" on Kashan via the Texas Secretary of State, pursuant to the Texas long-arm statute. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 17.042, .044 (West 2008). Before filing an answer or any dilatory plea or motion in the case, Kashan, proceeding pro se, removed the case to federal court on behalf of himself and Discount City, asserting diversity jurisdiction under 28 U.S.C. § 1332 (2006).[2] The federal district court remanded the case to the trial court on July 27, 2010, and a certified copy of the remand order was filed with the trial court on July 29, 2010.

On August 23, 2010, following remand, Kashan filed a "Notice of Motion and Motion to Quash Service of Summons and to Dismiss Complaint for Lack of Personal Jurisdiction,

---

[2] In the removal petition and other documents on record in this case, Kashan has admitted that Discount City is not a separate party but rather an assumed name under which he operates.

2

Transfer Venue, and Misjoinder of Parties" (the "Dilatory Pleas") in which he alleged—in the following order—that (1) service of process was defective because he was not personally served, (2) he is not amenable to process because personal jurisdiction is lacking, (3) venue in Texas is improper, and (4) no written guaranty exists. This motion apparently was never set for a hearing, and nearly two months after it was filed, McLane filed a motion for judgment nihil dicit, alleging that Kashan had not filed any pleading purporting to be an answer.

On November 5, 2010—several days after Kashan claims he mailed his "Opposition to Plaintiff's Motion for Entry of Judgment Nihil Dicit" (the "Opposition Brief"), but three days before it was actually filed—the trial court granted McLane's motion and rendered judgment awarding McLane $16,643.14 in actual damages, $998.59 in prejudgment interest, $15,679.11 in attorney's fees, and an additional award of $15,000 in attorney's fees for post-judgment proceedings and costs of collection. The trial court determined that Kashan had been served, the returns of service had been on file for the required amount of time, Kashan had appeared by filing a notice of removal, and Kashan had failed to answer or otherwise respond to McLane's Original Petition and Suit on Sworn Account.

In his Opposition Brief, Kashan asserted that (1) he had not received proper notice of the motion or the hearing date, and (2) no answer was due because McLane had failed to comply with Tex. R. Civ. P. 237a, which prescribes the deadline for filing an answer for cases remanded from federal court. Kashan also challenged the validity of service of process and whether Kashan's prior participation constituted an appearance. Kashan further contested McLane's allegation that he had failed to respond, noting that he had filed the Dilatory Pleas.

3

On November 10, two days after the Opposition Brief was filed, the trial court (apparently sua sponte) issued a notice setting a hearing on December 3, 2010, for consideration of a motion for new trial. The reason this hearing was set is unclear from the record, as no request for a hearing is apparent, but given the contents of the Opposition Brief and the timing of its filing, the trial court's actions were consistent with its having treated it as a motion for new trial. Kashan, clearly desiring to set aside the judgment but apparently not understanding that a "new trial" would be beneficial to him, responded by filing a pleading he styled "Objection to Motion for New Trial; Demand for an Order Setting Aside Judgment; and Motion Pursuant to Texas Rules of Civil Procedure, Rule 18a" ("Motion to Vacate Judgment"). In this pleading, Kashan explicitly requested that the court "vacate and set aside" the November 5, 2010, judgment and, among other things, cited lack of notice of the hearing on McLane's motion for judgment, the court's failure to hear argument on the Dilatory Pleas after Kashan says he requested a setting, and McLane's failure to comply with Rule 237a following remand from district court. McLane also moved to recuse the trial judge pursuant to Tex. R. Civ. P. 18a.

It does not appear that the hearing scheduled for December 3, 2010, occurred, nor does it appear that any hearing was held concerning the matters raised in either the Opposition Brief or the Motion to Vacate Judgment, except Kashan's motion to recuse the trial judge. After the trial judge declined to recuse himself, the matter was referred to another judge who held a hearing on December 29, 2010, and denied the recusal motion the same day. Kashan filed notices of appeal in the trial court on January 31, 2011, and February 1, 2011.

4

**DISCUSSION**

As an initial matter, McLane asserts that we lack jurisdiction over this appeal because Kashan did not file a notice of appeal in the trial court within 30 days of the judgment and failed to file any motion that would have extended the 30-day deadline.[3] *See* Tex. R. App. P. 26.1(a). For the following reasons, we conclude that Kashan's notice of appeal was timely.

A timely filed postjudgment motion that seeks a substantive change in the judgment will extend both the trial court's plenary jurisdiction and the deadline to perfect an appeal. *Id.*; Tex. R. Civ. P. 329b; *Miller Brewing Co. v. Villareal*, 822 S.W.2d 177, 179 (Tex. App.—San Antonio 1991), *rev'd on other grounds*, 829 S.W.2d 770 (Tex. 1992); *see also Lane Bank Equip. Co. v. Smith S. Equip. Inc.*, 10 S.W.3d 308, 314 (Tex. 2000) (holding that "a timely filed postjudgment motion that seeks a substantive change in an existing judgment qualifies as a motion to modify under Rule 329b(g), thus extending the trial court's plenary jurisdiction and the appellate timetable"); *Kirschberg v. Lowe*, 974 S.W.2d 844, 847–48 (Tex. App.—San Antonio 1998, no pet.) ("[T]he filing of any postjudgment motion or other instrument that (1) is filed within

---

[3] McLane also contends that Kashan has waived error on appeal by failing to provide record citations, as required by rule 38.1 of the Texas Rules of Appellate Procedure. Tex. R. App. P. 38.1 ("The [appellant's] brief must contain . . . appropriate citations to authorities and to the record."). Although we could conclude that Kashan has waived error on appeal based on Rule 38.1, *see, e.g.*, *Masterson v. Diocese of Nw. Tex.*, 335 S.W.3d 880, 893 (Tex. App.—Austin 2011, pet. granted), the record in this case is not voluminous; the relevant documents were readily identifiable by their descriptions in Kashan's briefs and were easily located by reference to the index provided in the clerk's record. Therefore, in the interest of justice, we exercise our discretion to consider the merits of Kashan's arguments on appeal. *Cf. Sanchez v. Sanchez*, 915 S.W.2d 99, 101 (Tex. App.—San Antonio 1996, no writ) (declining to strike appellee's brief for failure to provide citations to the record for similar reasons); *cf. also Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994) ("[A]n appellate court has some discretion to choose between deeming a point waived and allowing amendment or rebriefing, and that whether that discretion has been properly exercised depends on the facts of the case.").

the time for filing a motion for new trial and (2) 'assail[s] the trial court's judgment' extends the appellate timetable." (quoting *Gomez v. Texas Dep't of Criminal Justice*, 896 S.W.2d 176, 176 (Tex. 1995) (alteration in original)). "The character of a motion is judged by its substance rather than by its form or caption." *Villareal*, 822 S.W.2d at 179. Here, regardless of whether the Opposition Motion could fairly be construed as a motion for new trial, the Motion to Vacate Judgment clearly assailed the trial court's judgment and would have resulted in a substantive change in the judgment if it had been granted. Therefore, the Motion to Vacate Judgment, which was filed within 30 days after the court's nihil dicit judgment, extended the deadline for perfecting an appeal until 90 days after the judgment was signed. *See* Tex. R. App. P. 26.1(a)(1) (filing of motion for new trial extends notice of appeal filing deadline to 90 days after judgment signed). Kashan's first and second notices of appeal were filed within 90 days after the trial court rendered judgment on November 5, 2010, and are therefore timely.

Turning to the merits of Kashan's appeal, we conclude that the trial court erred in rendering a judgment nihil dicit against Kashan because (1) the deadline for filing an answer had not passed at the time the judgment was signed, and (2) the Secretary of State's certificate of service does not indicate that citation was forwarded to Kashan and thus is insufficient to substitute for the citation and return requirements in the rules of civil procedure. *See* Tex. R. Civ. P. 107, 237a, 239.

Rule 237a of the Texas Rules of Civil Procedure establishes the deadline for filing an answer if an answer was not filed either before removal or in federal court during removal:

> When any cause is removed to the Federal Court and is afterwards remanded to the state court, the plaintiff shall file a certified copy of the order of remand with the clerk of the state court and shall forthwith give written notice of such filing to the attorneys of record for all adverse parties. All such adverse parties shall have

fifteen days from the receipt of such notice within which to file an answer. No default judgment shall be rendered against a party in a removed action remanded from federal court if that party filed an answer in federal court during removal.

Tex. R. Civ. P. 237a. Here, although the judgment nihil dicit contains no recitation as to whether Kashan was served with a notice of remand, it is undisputed that Kashan had *actual* notice of the remand order. It is equally undisputed, however, that McLane did not give written notice to Kashan, as specified in Rule 237a. The parties join issue on whether actual notice excuses the plaintiff's failure to provide written notice or, stated another way, whether Rule 237a's filing and notice requirements can be satisfied by the federal district court rather than the plaintiff. Kashan contends that the answer-filing deadline was never triggered because McLane failed to provide the written notice required by Rule 237a. We agree.

The plain language of Rule 237a places the burden on the plaintiff to file the remand order with the state trial court and to provide written notice to the attorneys of record for all adverse parties.[4] *HBA East, Ltd. v. JEA Boxing Co.*, 796 S.W.2d 534, 536, 538 (Tex. App.—Houston [1st Dist.] 1990, writ denied) (applying Rule 237a's plain language to place burden of meeting filing and notice requirements on plaintiff despite actual notice provided by federal district court); *see also Bagel v. Mason Rd. Bank*, No. B14-91-00548-CV, 1992 WL 43953, at *2–3 (Tex. App.—Houston [14th Dist.] 1992, no writ) (not designated for publication) (same). This requirement serves to provide a more readily ascertainable and certain answer date because

---

[4] Pointing out that Kashan is representing himself, McLane asserts that Rule 237a's notice requirement does not apply because the rule requires only that written notice to be sent to "attorneys of record." We cannot agree that the reference to "attorneys of record" in Rule 237a was intended to exclude application of the rule to pro se litigants. *See* Tex. R. Civ. P. 1 (rules are to be given "liberal construction" to obtain fair and just adjudication of rights).

7

written notice must be accomplished in person, by certified or registered mail, by telephonic transfer, or in any other way directed by the court. *See* Tex. R. Civ. P. 21a. Delivery by these methods should result in a dated receipt from which the 15-day answer period can be calculated with certainty. Because McLane failed to comply with the rule, no answer was due at the time the nihil dicit judgment was rendered against Kashan. The court therefore erred in rendering the judgment. *See Conaway v. Lopez*, 880 S.W.2d 448, 449 (Tex. App.—Austin 1994, writ ref'd) ("A default judgment rendered before the defendant's answer is due must be reversed. Indeed, many cases hold that such a judgment is void.").

The trial court also erred in rendering the nihil dicit judgment because there is no proof in the record that citation was served on the Secretary of State and forwarded to Kashan. The rules of civil procedure prohibit rendition of a default judgment until citation and proof of service have been on file for at least ten days. Tex. R. Civ. P. 107 ("No default judgment shall be granted in any cause until the citation . . . shall have been on file with the clerk of the court ten days, exclusive of the day of filing and the day of judgment."), 239 (authorizing default judgment if "the citation with the officer's return thereon shall have been on file with the clerk for the length of time required by Rule 107"); *see also* Tex. R. Civ. P. 99 (governing issuance of citation and specifying required contents of citation). When substituted service on the Texas Secretary of State is authorized, a certificate of service from the Secretary of State conclusively establishes that process was properly served, and filing the certificate dispenses with the requirement in Rules 107 and 239 that the citation and return be filed. *Campus Invs., Inc. v. Cullever*, 144 S.W.3d 464, 466 (Tex. 2004) (holding that Secretary of State's certificate of service fulfills Rule 107's purpose of ensuring that there has been proper citation and service); *see also* Tex. Civ. Prac. & Rem. Code Ann.

8

§ 17.045 (West 2008) (once served, Secretary of State "shall immediately" mail copy of process to defendant at address provided by registered or certified mail, return receipt requested). However, the Secretary of State's certificate is only conclusive as to the facts recited therein. *See Wachovia Bank of Del., N.A. v. Gilliam*, 215 S.W.3d 848, 850-51 (Tex. 2007) (certificates generally are conclusive proof that process was served as stated but are not conclusive proof that process was served to defendant at correct address when petition, citation, return, and certificate all listed defendant's address incorrectly); *Orgoo, Inc. v. Rackspace US, Inc.*, 341 S.W.3d 34, 39 (Tex. App.—San Antonio 2011, no pet.) (Secretary of State's certificate was prima facie evidence that it received and forwarded original petition, as stated in certificate, not amended petition).

In this case, nothing in the record establishes that citation was served on the Secretary of State and forwarded to Kashan. The transmittal letter from McLane's attorney to the Secretary of State refers to the "Plaintiff's Original Petition and Suit on Sworn Account" but does not mention the citation. Similarly, the Secretary of State's certificate states that the "Plaintiff's Original Petition and Suit on Sworn Account" was forwarded to Kashan and Discount City, but does not mention the citation. Although a Secretary of State's certificate of service might ordinarily satisfy the purpose of establishing that there has been proper citation and service, the certificates the Secretary of State issued in this case do not do so because they do not certify that citation was served on the Secretary of State nor that citation was forwarded to Kashan as required by the long-arm statute. We may not presume proper service. *Cf. id.*; *Flynt v. City of Kingsville*, 82 S.W.2d 934, 935 (Tex. Comm'n App. 1935, judgm't adopted) (on direct attack of default judgment there is no presumption of proper service of citation "and the error resulting from the absence in the record of the necessary showing necessitates a reversal of the judgment"); *cf. also Whitney v. L & L Realty*

9

*Corp.*, 500 S.W.2d 94, 95–96 (Tex. 1973) (proof that citation was served on Secretary of State is not enough; rather, "there must be proof in the record that the defendant was, in fact, served in the manner required by statute"). Therefore, the nihil dicit judgment against Kashan was improper for the additional reason that it did not comport with rules of civil procedure 107 and 239.[5]

Having concluded that the trial court erred in granting McLane's request for a nihil dicit judgment, the judgment must be reversed. In order to remand the cause, however, we must first consider whether the trial court should have dismissed the case based on Kashan's special appearance. *See Steve Tyrell Prods. v. Ray*, 674 S.W.2d 430, 435 (Tex. App.—Austin 1984, no writ) (if motion to quash for defects in service of process is sustained, cause must be remanded, but if special appearance for lack of amenability to suit is sustained, case must be dismissed). The trial court concluded that Kashan had made a general appearance by filing his notice of removal, implicitly denying his special appearance and concluding that the court had personal jurisdiction over Kashan. On appeal, Kashan asserts that his special appearance should have been granted.

---

[5] We need not decide whether service of process was actually defective—or whether any defects have been waived—because the only relief available for defective service of process is additional time to answer, and we have already determined that, on remand of this case, Kashan is entitled to the answer period provided by Rule 237a. *See Kawasaki Steel Corp. v. Middleton*, 699 S.W.2d 199, 202 (Tex. 1985) (remedy for defective service of process is additional time to answer). A favorable ruling on Kashan's motion to quash would afford no greater relief. *Cf.* Tex. R. Civ. P. 123 ("Where the judgment is reversed on appeal . . . for the want of service, or because of defective service of process, no new citation shall be issued or served, but the defendant shall be presumed to have entered his appearance to the term of the court at which the mandate shall be filed."); *Boyd v. Kobierowski*, 283 S.W.3d 19, 24 (Tex. App.—San Antonio 2009, no pet.) (after securing reversal of judgment in restricted appeal based on defective service of process, defendant was effectively served).

Courts have held that filing a notice of removal does not constitute a general appearance. *See, e.g.*, *Toliver v. Dallas Fort Worth Hosp. Council*, 198 S.W.3d 444, 447 (Tex. App.—Dallas 2006, no pet.); *Carone v. Retamco Operating, Inc.*, 138 S.W.3d 1, 16 (Tex. App.—San Antonio 2004, pet. denied); *Antonio v. Rico Marino, S.A.*, 910 S.W.2d 624, 629 (Tex. App.—Houston [14th Dist.] 1995, no writ). However, we need not decide whether the trial court's contrary conclusion is erroneous or whether there are other grounds for asserting personal jurisdiction over Kashan because we hold that Kashan made a general appearance by filing his motion to quash service of process based on defects in service *before* he challenged his amenability to service of process. *See Kawasaki Steel Corp. v. Middleton*, 699 S.W.2d 199, 202 (Tex. 1985) ("We hold that . . . defective service of process, and defects in the citation must be challenged by a motion to quash, not a special appearance."); *Steve Tyrell Prods.*, 674 S.W.2d at 435–37 ("When a nonresident defendant attempts to challenge the manner of service or the form of process by way of a special appearance, such action should be treated as a motion to quash.").

Rule 120a of the Texas Rules of Civil Procedure requires that a party contesting personal jurisdiction on the ground that he is not amenable to process issued by the courts of this state may enter a special appearance to assert such challenge. Tex. R. Civ. P. 120a. However, a special appearance must be asserted before a motion to transfer venue or any other plea, pleading, or motion. *Id.* Every appearance prior to judgment not in compliance with Rule 120a constitutes a general appearance. *Id.* A motion to quash service of process based on defects in the manner of service or the form of process is not a special appearance. *See Ray*, 674 S.W.2d at 435–36. Although other motions and pleas may be included in the same instrument as a special appearance without waiving objections to personal jurisdiction, the special appearance must be the *first*

11

plea made. Tex. R. Civ. P. 120a. In this case, Kashan failed to follow the "due order of pleading" requirement because he complained about defects in service of process before challenging amenability to process. *See Onda Enters., Inc. v. Pierce*, 750 S.W.2d 812, 813 (Tex. App.—Tyler 1988, orig. proceeding) ("Absent strict compliance with the procedure of Rule 120a, a general appearance is entered anytime a defendant invokes the court's judgment on any question other than that of the defendant's amenability to service."); *Allright, Inc. v. Roper*, 478 S.W.2d 245, 247 (Tex. Civ. App.—Houston [14th Dist.] 1972, writ dism'd) ("[A] party appearing before a Texas Court in any capacity or condition except that prescribed by Rule 120a, Tex. R. Civ. P., invokes that court's jurisdiction."). Therefore, Kashan waived any objections to personal jurisdiction, and we affirm the portion of the trial court's judgment concluding that Kashan has made a general appearance.

## CONCLUSION

We affirm the portion of the trial court's judgment in which it concluded that Kashan is amenable to process issued by a Texas court. We reverse the trial court's judgment nihil dicit and remand the cause to the trial court for further proceedings consistent with this opinion.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Pemberton and Henson

Affirmed in part; Reversed and Remanded in part

Filed: June 7, 2012