

# COURT OF APPEALS
## EIGHTH DISTRICT OF TEXAS
## EL PASO, TEXAS

---

No. 08-24-00389-CV

---

Primitivo Torres-Martinez, Appellant

v.

Brenda M. Torres, Appellee

---

On Appeal from the 73rd District Court
Bexar County, Texas
Trial Court No. 2024-CI-02056

---

## MEMORANDUM OPINION

Appellant Primitivo Torres-Martinez filed this restricted appeal challenging a default final decree of divorce granted to Appellee Brenda Torres.[1] Because we hold that there is error on the face of the record, we reverse and remand to the trial court.

---

[1] This case was transferred pursuant to the Texas Supreme Court's docket equalization efforts. Tex. Gov't Code Ann. § 73.001. We follow the precedent of the Fourth Court of Appeals to the extent it might conflict with our own. *See* Tex. R. App. P. 41.3.

# I. BACKGROUND

Brenda filed a petition for divorce, requesting that process be served on Primitivo at one of two addresses in Milwaukee, Wisconsin. In addition to dissolution of the marriage, Brenda requested that she and Primitivo be appointed joint managing conservators of their two minor children and that she be granted the exclusive right to designate their primary residence. Brenda also sought a division of property, postdivorce maintenance, child support, medical and dental support, and attorney's fees. The clerk issued citation. Although the citation included a return of service form to be completed, the process server instead filed an affidavit stating that he served Primitivo with the original petition for divorce at an address in Milwaukee, Wisconsin. Tex. R. Civ. P. 107(a) ("The return may, but need not, be endorsed on or attached to the citation."). Primitivo did not file an answer or otherwise appear.

At the final hearing, Brenda appeared in person and was represented by counsel. Primitivo did not appear. The evidence presented consisted solely of Brenda's testimony which spans less than four pages of the record. She testified about the names of herself, her husband and two minor children; her residence in Texas and Bexar County; that she is not pregnant; that neither she nor Primitivo had filed for bankruptcy; that the marriage has become insupportable; that Primitivo was making more than $80,000 per year when they were living together[2]; that she cannot work full-time because she is being treated for cancer and needs surgery; and that they have no property other than personal effects.

That same day, the trial court signed the final decree of divorce, finding that it had jurisdiction over the case and parties and that Primitivo was served with citation. The trial court appointed Brenda the sole managing conservator of the minor children, awarded Primitivo

---

[2] According to Brenda's petition, the parties stopped living together in 2017, seven years before the hearing.

possession at times mutually agreed on by the parties, and ordered Primitivo to pay monthly obligations as follows: $1,079 in child support, $400 for medical and dental support, and $1,079 in spousal maintenance. Finally, the decree awarded Brenda a $3000 judgment for attorney's fees.

Primitivo filed this restricted appeal. In his first issue, Primitivo argues that the trial court lacked jurisdiction over him for two reasons: because the return of service was fatally defective and because Brenda did not plead or prove grounds giving the court jurisdiction over him as a nonresident. In his second issue, Primitivo argues that there is legally and factually insufficient evidence to support the default judgment.

## II. ANALYSIS
### A. Restricted appeal

To prevail in a restricted appeal, an appellant must establish that: (1) the notice of restricted appeal was filed within six months after the judgment was signed; (2) he was a party to the underlying lawsuit; (3) he did not participate in the hearing that resulted in the judgment complained of and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004); Tex. R. App. P. 30. The face of the record, for the purposes of a restricted appeal, consists of all papers before the trial court when it rendered its default judgment. *Id.* at 848–49.

The default judgment in this case was signed on April 30, 2024, and Primitivo filed his notice of restricted appeal on September 30, 2024, within six months of the default judgment. Primitivo did not appear at or participate in the final hearing, and he filed no post-judgment motions or requests for findingsof fact or conclusions of law. Accordingly, the first three elements for a restricted appeal are met, and we focus our analysis on whether Primitivo has established that error is apparent on the face of the record.

3

**B. Personal jurisdiction**

In his first issue, Primitivo argues that the trial court did not acquire personal jurisdiction over him. "Personal jurisdiction is composed of two elements: (1) the defendant must be amenable to the jurisdiction of the court, and (2) the plaintiff must validly invoke that jurisdiction by valid service of process on the defendant." *Guardianship of Fairley*, 650 S.W.3d 372, 379–80 (Tex. 2022). Primitivo challenges both of these elements. Because it requires that we vacate all aspects of the final decree of divorce and is dispositive in this case, we discuss only the second element—valid service of process.[3]

**C. Service of citation**

A trial court does not have jurisdiction over a party who was not properly served. *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990). In a direct attack of a default judgment, we "indulge no presumption in favor of valid issuance, service, or return of citation." *See Spanton v. Bellah*, 612 S.W.3d 314, 316–17 (Tex. 2020) (citing *Uvalde Country Club v. Martin Linen Supply Co., Inc.*, 690 S.W.2d 884, 885 (Tex. 1985)). Failure to strictly comply with the requirements for citation, service, and return results in a void judgment. *See* Tex. R. Civ. P. 124 (prohibiting rendition of a default judgment unless there is proof of proper service). "Virtually any deviation will be sufficient to set aside a default judgment in a restricted appeal." *Dolly v. Aethos Commc'ns*

---

[3] In a divorce case, the trial court can enter some orders, such as child custody and dissolution of the marriage, even if a nonresident defendant is not amenable to jurisdiction (the first element of personal jurisdiction), but it cannot enter any orders if the defendant is not properly served (the second element of personal jurisdiction). *Velasco v. Ayala*, 312 S.W.3d 783, 798 (Tex. App.—Houston [1st Dist.] 2009, no pet.). ("Although a divorce proceeding is characterized as quasi in rem and the Texas Family Code allows a trial court to issue a decree of divorce and a decree as to child custody without personal jurisdiction over all the parties, such designation does not dispense with the requirement that jurisdiction be invoked by adequate notice to a non-resident spouse."); *Heth v. Heth*, 661 S.W.2d 303, 305 (Tex. App.—Fort Worth 1983, writ dism'd) (because there was no valid service, the court held that the trial court "was without power to act even with respect to the in rem aspects of the divorce and the decree must be declared void in its entirety").

*Sys., Inc.*, 10 S.W.3d 384, 388 (Tex. App.—Dallas 2000, no pet.). Whether service strictly complies with the applicable rules and other legal requirements for service of process is a question of law which we review de novo. *Turbo Restaurants, LLC v. Reid's Refrigeration Inc.*, 657 S.W.3d 490, 495 (Tex. App.—El Paso 2022, no pet.).

Primitivo argues that the return of service is defective because it reflects only that the *petition*, and not the *citation*, was served. We agree. "Upon the filing of the petition, the clerk, when requested shall forthwith issue a citation[.]" Tex. R. Civ. P. 99(a). "Unless the citation or court order otherwise directs" both the citation and petition must be served on the defendant. Tex. R. Civ. P. 106(a)(1). The petition informs the defendant of plaintiff's claims and the relief requested. *Perez v. Briercroft Serv. Corp.*, 809 S.W.2d 216, 218 (Tex. 1991) ("Ultimately, the purpose of pleadings is to give the adversary parties notice of each parties claims and defenses, as well as notice of the relief sought."). The citation, however, serves a different purpose; among other things, it notifies a defendant of the deadline to file an answer and the consequences for failing to do so. Tex. R. Civ. P. 99(b). Compliance with the requirement to serve both documents can be verified by the return of service, which must include "a description of what was served." *Id*. 107(b)(3), 108 (requiring that the return of service be completed according to Rule 107 when defendant is served in another state).

In this case, the process server attested in his return of service affidavit as follows:

The following came to hand on March 14, 2024 at 2:15pm CST,

ORIGINAL PETITION FOR DIVORCE (RE: In The Matter of The Marriage of Brenda M. Torres and Primitivo Torres-Martinez and in The Interest of C.M.T. AND V.M.T., CHILDREN)

and was executed at 1116 S. 29th Street, Milwaukee, WI within the county of MILWAUKEE, WISCONSIN at 5:35 PM on Thu, Mar 14 2024, by delivering a true copy to the within named

PRIMITIVO TORRES-MARTINEZ

"The return of service is not a trivial, formulaic document." *Primate Const., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994) (per curiam). The recitations in the return have "long been considered prima facie evidence of the facts recited therein." *Id*. Here, the return is evidence that Primitivo was served with the petition, but the record contains no evidence that he was also served with the citation. *Id*. at 153 (holding that proper service was not shown on the record when the return stated that the defendant was served with the original petition instead of the second amended petition); *Matter of Marriage of Beall*, No. 04-22-00070-CV, 2023 WL 3487035, at *3 (Tex. App.—San Antonio May 17, 2023, pet. denied) (mem. op.) (vacating a default decree when the return of service did not state that a copy of the citation and petition were served in accordance with the court's order for alternate service).

Without evidence that Primitivo was served with citation, the trial court did not have jurisdiction over him and entry of a judgment is error on the face of the record. *Primate Const., Inc*, 884 S.W.2d at 153; *In re C. L. W.*, 485 S.W.3d 537, 540 (Tex. App.—San Antonio 2015, no pet.) ("[D]effective service of process constitutes error apparent on the face of the record.").

Because we vacate the judgment for lack of jurisdiction, we do not reach Primitivo's other issues.[4]

---

[4] Primitivo also argued that he is not amenable to the jurisdiction of Texas courts. In most instances, filing an appeal constitutes a general appearance by which the defendant subjects himself to the jurisdiction of Texas courts. *Boyd v. Kobierowski*, 283 S.W.3d 19, 24 (Tex. App.—San Antonio 2009, no pet.) ("when a non-resident defendant ask[s] for an adjudication, even if only to contest service, the defendant enters a general appearance"); Tex. R. Civ. P. 123 ("Where the judgment is reversed on appeal or writ of error for want of service, or because of defective service . . ., the defendant shall be presumed to have entered his appearance[.]"). However, notwithstanding this rule, Rule 120a allows defendants to file a special appearance challenging personal jurisdiction upon remand after reversal for lack of service. *Boyd*, 283 S.W.3d at 24; Tex. R. Civ. P. 120a (1).

## III. Conclusion

Because there is no evidence that Primitivo was served with citation, he has shown error on the face of the record. We reverse the judgment of the trial court and remand for further proceedings.

MARIA SALAS MENDOZA, Chief Justice

January 15, 2026

Before Salas Mendoza, C.J., Palafox and Soto, JJ.