**STEVE TYRELL PRODUCTIONS, INC., et al., Appellants,**

v.

**Viki Lynn RAY, Appellee.**

**No. 14035.**

Court of Appeals of Texas, Austin.

June 13, 1984.

David H. Donaldson, Jr., David Cohen, Graves, Dougherty, Hearon & Moody, Austin, for appellants.

John L. Foster, Minton, Burton, Foster & Collins, Austin, for appellee.

PHILLIPS, C.J., and POWERS and BRADY, JJ.

PHILLIPS, Chief Justice.

Steve Tyrell Productions, Inc., Steve Tyrell, and David A. Jackson appeal from a default judgment by which the trial court decreed that appellee Viki Lynn Ray recover approximately $200,000, declared that certain contracts between appellants and appellee were void, and determined that appellee was entitled to certain other relief.

We reverse and remand.

In her petition appellee alleged that in the course of conducting various business arrangements appellants and Michael Manteras breached certain agreements, made fraudulent misrepresentations, and committed other wrongful acts against her. She failed to allege that any of these acts occurred in Texas.

Appellee additionally pleaded that appellant Steve Tyrell Productions, Inc. is a California corporation and that appellants Steve Tyrell and David Jackson are citizens of California. It was her contention that appellees did not maintain "a place of regular business in [Texas] nor a designated agent upon whom service may be made and are thus deemed to have appointed the Secretary of State of Texas as agent upon whom service of process may be made."

The trial court rendered a default judgment against appellants on May 6, 1983; in its findings and conclusions the trial court found that service was made upon appellants under the provisions of Tex.Rev.Civ. Stat.Ann. art. 2031b (1964) (the Texas Long Arm Statute); the trial court also found that appellants had engaged in business in Texas, with regard to the transactions complained of by appellee, to an extent sufficient to confer upon Texas and its courts personal jurisdiction over appellants.

On May 9, 1983, after entry of the default judgment, appellants filed a "special appearance." On May 27, 1983 appellants filed a motion for new trial; therein they noted that no hearing had been held on the merits of the special appearance and asserted that their right to a determination of the special appearance was not waived by the May 27th filing.

In their first point of error appellants contend that in rendering default judgment against them the trial court erred for the reason that appellees did not strictly comply with the mode of service set out in art. 2031b. Appellants correctly note that in order to support a default judgment the record must affirmatively show a strict compliance with the mode of service prescribed by art. 2031b; where the record fails in this regard the trial court must be held to have entered the default judgment without jurisdiction. *McKanna v. Edgar*, 388 S.W.2d 927 (Tex.1965).

Here, although appellee's petition asserts that appellants committed numerous wrongful acts against appellee, her pleading fails to allege that any of these acts were committed in Texas and also fails to allege that any of these acts are in any way related to Texas. Article 2031b may only be used to obtain service on defendants under certain conditions: one such

condition is that the defendant must be "doing business" in Texas. Since appellee has failed to allege in her petition that appellants were doing business in Texas, we must hold that the trial court was without jurisdiction to render the default judgment. *See McKanna v. Edgar, supra.*

Appellee, in oral argument, conceded the aforementioned point of error. Although both appellants and appellee agree that the judgment must be reversed, they disagree as to what disposition should accompany reversal. Appellants argue that this court should reverse the trial court's judgment and order the cause be dismissed pursuant to appellants' special appearance; in the alternative they argue that this court should remand the cause with instructions requiring the trial court to conduct a hearing on and rule on the special appearance motion.

Appellee contends that appellants' special appearance was in reality a general appearance. She alternatively contends that if appellants made a valid special appearance that it was waived by their subsequent conduct. Appellee would have this court remand the cause with instructions to the trial court providing that appellants are subject to the jurisdiction of the trial court for all purposes.

The parties have raised critical questions regarding the nature of a special appearance. Our treatment of these questions would be merely advisory, and we would not pursue them, but for appellants' fourth point of error. Therein appellants aver that the trial court erred in failing to sustain their special appearance because, they assert, as a matter of law they were not amenable to service of process.

■ In order for any court to obtain *in personam* jurisdiction over a defendant the defendant must be given *notice* of the suit which is brought against him; this notice must comply with constitutional and statutory requisites. 2 McDonald, Texas Civil Practice §§ 9.01.1–9.01.4 (1982); 2 Wicker and Benson, Texas Lawyer's Guide § J.2.39 (1981). Additionally, there are constitutional and statutory limits on the *power* of a state court to subject an unwilling nonresident defendant to *in personam* jurisdiction: there must exist a certain relationship between the nonresident defendant and the forum state. *U-Anchor Advertising, Inc. v. Burt,* 553 S.W.2d 760 (Tex. 1977); 2 Wicker and Benson, *supra* § J.2.37.

■ A failure to satisfy either the notice component or the power component of *in personam* jurisdiction may be waived by a defendant. In waiving these jurisdictional prerequisites the defendant is said to have made a "general appearance." 2 Wicker and Benson, *supra* § J.2.39.

Prior to the adoption of Tex.R.Civ.P.Ann. 120a (added by order of April 12, 1962; eff. Sept. 1, 1962), the filing by a nonresident defendant of any defensive pleading in a Texas court constituted a general appearance; this was true even when the only defensive pleading filed constituted a challenge to the court's jurisdiction. Tex.R. Civ.P.Ann. 120a, General Commentary— 1966 (1979). Rule 120a changed this result by providing that a "special appearance may be made ... for the purpose of objecting to the jurisdiction of the court over the person or property of the defendant *on the ground that such party or property is not amenable to process* issued by the courts of this State." (emphasis added).

■ When the above-emphasized language of Rule 120a is examined it becomes readily apparent that Rule 120a was designed only to allow a defendant to challenge the *power* of the state court to exercise *in personam* jurisdiction (amenability to process). The Texas Supreme Court has held that the resolution of the question of whether a nonresident defendant (served pursuant to art. 2031b) is amenable to process depends upon whether such nonresident possesses sufficient contacts with Texas so as to satisfy the constitutional test of due process. *Siskind v. Villa Foundation for Educ., Inc.,* 642 S.W.2d 434 (Tex.1982). To satisfy that constitutional test, the following elements must exist: (1) the nonresident must purposeful-

ly do some act or consummate some transaction in the forum state; (2) the cause of action must arise from, or be connected with, such act or transaction; and (3) the assumption of jurisdiction by the forum state must not offend traditional notions of fair play and substantial justice, consideration being given to a variety of factors. *Siskind v. Villa Foundation for Educ., Inc., supra; but see Hall v. Helicopteros Nacionales De Colombia*, 638 S.W.2d 870 (Tex.1982), rev'd on other grounds, —— U.S. ——, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984) (cause of action need not arise from act occurring within forum state if nonresident has numerous contacts with forum state).

■ A special appearance is not the proper means of advancing a complaint about defective service or defective process. Newton, *Survey: Conflict of Laws*, 36 S.W.L.J. 397, 403 (1982); Thode, *In Personam Jurisdiction; Article 2031B, The Texas "Long Arm" Jurisdiction Statute; And The Appearance to Challenge Jurisdiction in Texas and Elsewhere*, 42 Tex.Law Rev. 279, 312 (1964); *but see TM Productions, Inc. v. Blue Mountain B. Co.*, 623 S.W.2d 427 (Tex.Civ.App.1981), writ ref'd n.r.e., 639 S.W.2d 450 (Tex.1982). The words "amenable to process" relate only to the issue of whether Texas courts *could* obtain jurisdiction over the nonresident upon the claim asserted; a defect in a petition that can be cured does not affect such amenability. Thode, *supra* at 312–13; *see* 2 McDonald, *supra* § 9.05.3 (1982 & Supp.1983).

■ A motion to quash is the proper method of challenging defective service or defective process. Thode, *supra* at 313 n. 195; 2 Wicker and Benson, *supra* § J.2.58. Such defects in mode of service relate only to *notice*. When a nonresident defendant attempts to challenge the manner of service or the form of process by way of a special appearance, such action should be treated as a motion to quash. Thode, *supra* at 313 n. 195.

■ When citation of service is quashed on motion of the defendant, such defendant will be deemed to have entered his appearance at a statutorily specified date in the future. Tex.R.Civ.P.Ann. 122 (1979). Likewise, if a default judgment is reversed on appeal for a defect in the mode of service of process (including the failure to adequately allege jurisdictional facts in the petition), the defendant shall be deemed to have entered an appearance as to future proceedings in the trial court. *McKanna v. Edgar, supra;* Tex.R.Civ.P.Ann. 123 (1979).

■ From the foregoing, an appellate court's disposition duty becomes clear. If a nonresident properly makes and litigates a special appearance based upon lack of amenability to process, and the trial court erroneously overrules that motion, then the appellate court should sustain a point of error complaining thereof, reverse the judgment, and require that the cause be dismissed (due to the trial court's failure to acquire *in personam* jurisdiction over the nonresident). *See Siskind v. Villa Foundation for Educ., Inc., supra.* However, if the complaint on appeal goes to a defect in the mode of service, such as the failure to allege essential jurisdictional facts in the petition, then upon sustaining such point the appellate court must reverse the judgment and remand the cause pursuant to Rule 123 for trial on the merits. *See McKanna v. Edgar, supra.* This latter course must be followed both in the absence of a special appearance and in the face of a properly overruled special appearance (which motion to dismiss, as stated above, may only be based upon lack of amenability to process resulting from a lack of sufficient forum contacts).

We have made this review of disposition analysis because appellants, in part, argue that the trial court erred in overruling their special appearance motion to the extent that it complained about appellee's failure to plead jurisdictional facts. We hold that this is not a proper basis upon which to ground a special appearance. We have reversed the default judgment based upon a defect in the mode of service of process; however, unless we can determine that the

trial court erroneously failed to dismiss the cause pursuant to a properly litigated special appearance, we must remand the cause for a trial on the merits.

This analysis is supported by the Texas Supreme Court's opinion in *Siskind v. Villa Foundation for Educ., Inc., supra.* In *Siskind* the plaintiffs contended that they had served several nonresident defendants (a corporation and several individuals) pursuant to art. 2031b. However, in their petition plaintiffs failed to aver that the individual defendants had committed any act in Texas. The trial court sustained a special appearance motion and dismissed the action after holding an evidentiary hearing. The Court of Appeals affirmed.

In affirming the Court of Appeals' judgment as it related to the individual defendants, the Supreme Court initially noted that the plaintiff's petition failed to allege that the individual defendants had committed any acts in Texas. However, the Court determined that the individual defendants nevertheless had the burden, at the special appearance hearing, to *present evidence* which would negate all potential bases of jurisdiction. It was determined that the individuals had met that burden by introducing testimony that they were nonresidents. The Court hinted that this evidence would not have been sufficient had the plaintiffs' petition alleged that the individual defendants had committed some act in Texas.

Having determined the proper scope of a special appearance, we may now consider whether the trial court erred in failing to grant appellants' special appearance motion. Appellee contends that appellants did not comply with the procedure set out in Rule 120a and that for this reason appellants' attempted special appearance was in reality a general appearance. Appellee alternatively avers that even if appellants did not make a general appearance, that appellants failed to meet their burden of proof as to their lack of amenability to process.

■ We initially note that in their special appearance appellants assert that the trial court does not have jurisdiction over their persons for the reasons that neither they nor their property are *amenable to process* issued by the courts of Texas. In this regard they aver that they are nonresidents and that they have not done business in Texas. By stating that they have not done business in Texas, appellants have effectively denied that they have sufficient contacts with the State of Texas such as to constitutionally justify the imposition of *in personam* jurisdiction by Texas courts. *See Hall v. Helicopteros Nacionales De Colombia, supra; U-Anchor Advertising v. Burt, supra.*

Appellants have additionally averred in their special appearance that they are not amenable to process for the reason that appellee's petition fails to allege sufficient jurisdictional facts. We have treated this complaint about the form of appellee's petition as a motion to quash. By presenting their motion to quash in the same instrument as their special appearance, appellants have not waived their special appearance. Rule 120a expressly provides that a special appearance is not waived by including it in an instrument which contains other motions.

Appellee contends that any appearance filed after rendition of a judgment cannot be a special appearance; she submits that since appellants made their special appearance after rendition of the default judgment that they thereby made a general appearance. We need not resolve this allegation since we have found other bases upon which the fourth ground of error must be overruled.

■ Even assuming that appellants timely made a special appearance we conclude that they have not preserved any error regarding the trial court's failure to sustain their special appearance. Rule 120a provides that the Rule 120a motion to the jurisdiction "shall" be heard and determined *before* any other plea or pleading may be heard. Although appellants arguably made a special appearance, in which they requested a hearing, the record does not indicate that they ever called this re-

quest for a special appearance hearing to the trial court's attention; nor does the record reflect that a special appearance hearing was ever held.

The record does reflect that after they made their special appearance appellants requested, obtained, and participated in a hearing on their motion for new trial. We hold that appellants waived their special appearance by not timely pressing for a hearing on their special appearance motion to the jurisdiction. Thode, *supra* at 318.

Also, we are unable to ascertain from the record that appellants ever secured a ruling from the trial court on their special appearance. A motion not acted upon by the trial court furnishes no basis for a point of error. *Ford Motor Co. v. Nowak,* 638 S.W.2d 582 (Tex.App.1982, writ ref'd n.r.e.); *Harris v. Thompson Buick, G.M.A.C., Inc.,* 601 S.W.2d 757 (Tex.Civ. App.1980, no writ); *Williams v. Williams,* 537 S.W.2d 107 (Tex.Civ.App.1976, no writ).

Appellants suggest that the hearing and denial of the motion for new trial constituted a hearing and denial of their Rule 120a motion to the jurisdiction. This ignores the trial court's finding of fact number 9, not attacked by point of error, which provides that no hearing was ever sought or had on the special appearance plea to the jurisdiction. It is clear from the record that the trial court and all parties treated the evidentiary hearing that was held as a hearing on the motion for new trial.

Finally, even if the hearing on the motion for new trial were treated as a hearing on the Rule 120a motion to the jurisdiction, we note that the trial court, in unchallenged finding of fact number 8, determined that appellants engaged in business in the State of Texas. After reviewing the evidence introduced at the motion for new trial hearing we conclude that appellants failed to present evidence which would negate all potential bases of jurisdiction. *See Siskind v. Villa Foundation for Educ., Inc., supra.* We overrule appellants' fourth point of error. We need not address the remaining points.

We reverse the judgment of the trial court and remand the cause to the District Court for a trial on the merits.