Paul Eugene CALVERT, Appellant,

v.

Vicki Lynn CALVERT, Appellee.

No. 2–89–264–CV.

Court of Appeals of Texas,
Fort Worth.

Dec. 4, 1990.

Richard Lee Griffin, Fort Worth, for appellant.

Auld, Stephenson & Mansfield, Judith G. Wells, Bedford, for appellee.

Before WEAVER, C.J., and JOE SPURLOCK, II and DAY, JJ.

## OPINION

DAY, Justice.

This is an appeal by writ of error in a divorce and parent-child relationship case in which a default judgment was rendered against the nonresident husband and father, Paul Eugene Calvert. The judgment granted a divorce, determined conservatorship and visitation, ordered appellant to pay child support and attorney's fees, divided the parties' real estate in Indiana, awarded the wife an interest in an annuity recovered by appellant in a personal injury case in Indiana, and was accompanied by a Qualified Domestic Relations Order directing payment by Life Insurance Company of North America of one-half of appellant's annuity benefits to his wife. Appellant acknowledges the efficacy of the judgment as to divorce, conservatorship, and visitation, but challenges the remainder of the judgment for want of the court's jurisdiction over his person and property, claiming that neither pleading nor proof showed the court had long-arm jurisdiction under the Texas Family Code or Texas Rules of Civil Procedure. We affirm in part and reverse in part.

The record available for review on appeal by writ of error consists of the judgment and those papers filed in the

appellate transcript, but does not include any written or oral evidence. *DSC Fin. Corp. v. Lawrence E. Moffitt,* 34 Tex.Sup. Ct.J. 69 (Oct. 28, 1990); *Gourmet, Inc. v. Hurley,* 552 S.W.2d 509, 512–13 (Tex.Civ. App.—Dallas 1977, no writ). Being so limited in our review, we find only the following from the pleadings as pertinent to our inquiry.

The parties were married on April 7, 1973 and ceased living together in August of 1987. They are parents of a daughter born on November 19, 1974, in Tipton, Indiana. The child's residence was with her mother, who met the residence requirements to sue for divorce and conservatorship. There were no court-ordered conservatorships, guardianships, or other relationships affecting the child. Paul Eugene Calvert resided in the State of Indiana. The citation issued on the amended petition appears to have been personally served upon Calvert in Indiana as evidenced by affidavit of a deputy sheriff. The validity of such service is attacked by appellant in his third point of error, but that point will not be reached.

■ In his first point of error, appellant asserts that he was not amenable to process issued by the courts of this state. The words "amenable to process" relate only to the issue of whether Texas courts *could* obtain jurisdiction over the nonresident upon the claim asserted; a defect in a petition that can be cured does not affect amenability. *Steve Tyrell Prod., Inc. v. Ray,* 674 S.W.2d 430, 435 (Tex.App.—Austin 1984, no writ). Our Supreme Court's interpretation is as follows:

> The words "not amenable to process by the courts of this state" can only be interpreted to mean that the special appearance is available solely to establish that the Texas court cannot, under the federal and state constitutions and the appropriate statutes, validly obtain jurisdiction over the person or the property of the defendant with regard to the cause of action pled.

*Kawasaki Steel Corp. v. Middleton,* 699 S.W.2d 199, 202 (Tex.1985) (per curiam) (quoting Thode, *In Personam Jurisdic-*tion; *Article 2031B, The Texas "Long Arm" Jurisdiction Statute; and the Appearance to Challenge Jurisdiction in Texas and Elsewhere,* 42 TEX.L.REV. 279, 312–13 (1964)). A litigant may utilize the provisions of TEX.R.CIV.P. 120a to demonstrate that he is not amenable to Texas courts' process, without entering a general appearance and submitting to the jurisdiction of the court, by filing a special appearance to contest jurisdiction. In such a proceeding, evidence bearing on the question may be fully developed so as to preserve a record for review on appeal. Since this procedure was not utilized in the case before us, and since our review is limited to the papers in the transcript, there is no record from which to determine if appellant was not amenable to the process issued by the trial court. Appellant's first point of error is overruled.

■ Appellant's second point of error urges that the trial court lacked **in personam** jurisdiction because neither pleadings nor proof showed the trial court to have such jurisdiction. Here, appellant points out that in cases where jurisdiction may be obtained over a nonresident, the petition must plead the facts that support such jurisdiction, and a default judgment rendered on a petition that is deficient in pleading jurisdictional facts will be set aside on appeal by writ of error. *See McKanna v. Edgar,* 388 S.W.2d 927, 930 (Tex.1965); *Steve Tyrell Prod., Inc.,* 674 S.W.2d at 433–34; *Kawasaki Steel Corp.,* 699 S.W.2d at 202.

The rule generally followed as to jurisdiction over nonresidents is "due process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. State of Washington,* 326 U.S. 310, 326, 66 S.Ct. 154, 158, 90 L.Ed. 95, 102 (1945). The concept of minimum contacts was explained in *Barrett v. Barrett,* 715 S.W.2d 110, 112 (Tex.App.—Texarkana 1986, writ ref'd n.r.e.) as fol-

lows: "To subject an out-of-state defendant to the jurisdiction of our courts, the nonresident defendant must have purposely done some act or consummated some transaction in Texas, the cause of action must have arisen out of that transaction, and the assumption of jurisdiction must not offend traditional notions of fair play and substantial justice under the due process clause of the fourteenth amendment."

 In divorce proceedings and suits affecting the parent-child relationship, statutorily declared circumstances which constitute minimum contact between the nonresident and our state to support the assumption of **in personam** jurisdiction are the following:

1. This state is the last marital residence of the petitioner and the respondent and the suit is commenced within two years after the date on which marital residence ended;
2. The child was conceived in this state when at least one biological parent was a resident of the state and the person on whom service is required is a parent or an alleged or probable father of the child;
3. The child resides in this state as a result of the acts or directives or with the approval of the person on whom service is required;
4. The person on whom service is required has resided with the child in this state; or
5. There is any basis consistent with the constitutions of this state and the United States for the exercise of personal jurisdiction.

*See* TEX.FAM.CODE ANN. § 3.26(a)(1) (Vernon Supp.1991), § 11.051(1)–(3) (Vernon 1986). None of the above is alleged in appellee's pleadings in the trial court. Consequently, we must hold that the judgment in this cause was rendered on a petition that is deficient in pleading jurisdictional facts necessary for exercise of personal jurisdiction over appellant. The pleading is sufficient as to facts necessary for exercise of in rem status jurisdiction and to support the judgment regarding divorce, conservatorship, and visitation; in all other respects the judgment must be set aside. Appellant acknowledges in his brief that under such circumstances the cause must be remanded for trial of the remaining issues since, by attacking the judgment, he is presumed to have entered his appearance to the term of the court at which the mandate shall be filed. *McKanna*, 388 S.W.2d at 930; *Steve Tyrell Prod., Inc.*, 674 S.W.2d at 435; *Travieso v. Travieso*, 649 S.W.2d 818, 821 (Tex. App.—San Antonio 1983, no writ); TEX.R. CIV.P. 123.

The judgment insofar as it terminates the marriage, establishes conservatorship and establishes visitation privileges is affirmed; in all other respects, the judgment is reversed and remanded. The Qualified Domestic Relations Order is vacated and set aside.