NUMBER 13-99-792-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI



___________________________________________________________________


FRANK A. SMITH SALES, INC.,

D/B/A FRANK SMITH TOYOTA, Appellant,


v.


ATLANTIC AERO, INC., Appellee.

___________________________________________________________________


On appeal from the County Court at Law No. Two 


of Hidalgo County, Texas.


___________________________________________________________________


OPINION



Before Justices Hinojosa, Yañez, and Chavez



Opinion by Justice Chavez




 Frank Smith Sales, Inc. (Frank Smith) appeals from the granting of
a special appearance filed by Atlantic Aero. We hold that, because
Frank Smith failed to plead sufficient facts to show Texas jurisdiction
over Atlantic Aero, the trial court acted correctly in granting the special
appearance. 

 Frank Smith operates an automobile dealership in McAllen, Texas. 
David Pena filed suit against Frank Smith alleging that his credit
information was appropriated by Frank Smith's employee, Todd
Johnson, when Pena applied for credit to purchase a vehicle at the
dealership. Pena alleged that Todd Johnson used Pena's personal
information to obtain credit in Pena's name and then incurred charges
exceeding $40,000, thereby damaging Pena's credit reputation. Among
the fraudulent charges allegedly incurred by Johnson were $6450 for
charter flight services provided by Atlantic Aero. Atlantic Aero is based
in North Carolina. 

 Frank Smith's third-party petition alleged that "acts on the part of
Third-Party Defendants . . . Atlantic Aero, Inc. constituted negligence
and are the proximate cause of any injuries and damages alleged by
Plaintiff (Pena)." Frank Smith's third-party pleadings did not specify
Atlantic Aero's acts of negligence, nor where those allegedly negligent
acts occurred. Atlantic Aero filed a verified special appearance stating
that it is not a resident of Texas, has no place of business in Texas, has
no employees or agents in Texas, and does not advertise in Texas.

 A court may assert personal jurisdiction over a nonresident
defendant only if the requirements of the Due Process Clause of the
Fourteenth Amendment to the U.S. Constitution and the Texas
long-arm statute are satisfied. CSR, Ltd. v. Link, 925 S.W.2d 591, 594
(Tex. 1996); see Tex. Civ. Prac. & Rem. Code Ann. § 17.042 (Vernon
1997); Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408,
413-14 (1984). The Texas long-arm statute allows a court to exercise
personal jurisdiction over a nonresident defendant "as far as the federal
constitutional requirements of due process will allow." CSR, 925
S.W.2d at 594. 

 Due process permits a state court to exercise personal jurisdiction
over a defendant only if the defendant has some minimum, purposeful
contacts with the state, and the exercise of jurisdiction will not offend
traditional notions of fair play and substantial justice. Dawson-Austin
v. Austin, 968 S.W.2d 319, 326 (Tex. 1998); International Shoe Co. v.
Washington, 326 U.S. 310, 316 (1945). A nonresident who
purposefully avails himself of the privileges and benefits of conducting
business in Texas must answer to a suit in Texas. CSR, 925 S.W.2d at
594; see Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475-76 (1985). 
 However, a nonresident will not be subject to Texas jurisdiction based
upon mere random, fortuitous, or attenuated contacts. CSR, 925
S.W.2d at 595; Burger King, 471 U.S. at 475-76.

 A nonresident's contacts with a state can give rise to either
general or specific jurisdiction. In this case, appellant claims specific
jurisdiction applies. Specific jurisdiction is established if the defendant's
alleged liability arises from or is related to an activity conducted within
the state. CSR, 925 S.W.2d at 595. The activity must be purposefully
directed at Texas so the defendant could foresee being haled into court
here. Id. Single or even occasional acts are not sufficient to support
jurisdiction if their nature and quality create only an attenuated
affiliation with Texas. Id. Even when minimum contacts with the
forum state are established, the state court cannot exercise personal
jurisdiction over the defendant if to do so would offend traditional
notions of fairness. Id.

 In Texas, a party may contest personal jurisdiction by filing a
special appearance. Tex. R. Civ. P. 120a(1). A special appearance is
determined by reference to the pleadings, any stipulations made by and
between the parties, any affidavits and attachments filed by the parties,
discovery, and any oral testimony. Tex. R. Civ. P. 120a(3). 

 The existence of personal jurisdiction is a question of law, but
proper exercise of that jurisdiction must sometimes be preceded by the
resolution of underlying factual disputes. The standard of review to
determine the appropriateness of the trial court's resolution of those
facts is an ordinary "sufficiency of the evidence" review. Happy Indus.
Corp. v. American Specialties, Inc., 983 S.W.2d 844, 847 (Tex. App.--Corpus Christi 1998, pet. dism'd w.o.j.). The scope of that review
includes all evidence in the record. Id. If a special appearance is based
on undisputed or otherwise established facts, an appellate court shall
conduct a de novo review of the trial court's order granting a special
appearance. Id. The appellate court reviews the trial court's application
of law de novo. Id.

 The plaintiff has the initial burden to plead sufficient allegations to
show jurisdiction in Texas. McKanna v. Edgar, 388 S.W.2d 927, 930
(Tex. 1965); M.G.M. Grand Hotel, Inc. v. Castro, 8 S.W.3d 403, 408 n.2
(Tex. App.--Corpus Christi 1999, no pet.). Where the plaintiff fails to
make such jurisdictional allegations, the defendant can carry its burden
to defeat all bases of personal jurisdiction simply by presenting evidence
that it is a nonresident. M.G.M. Grand, 8 S.W.3d at 408 n.2. Once the
defendant has produced credible evidence negating all bases of
jurisdiction, the plaintiff bears the ultimate burden to establish that the
Texas court has personal jurisdiction over the defendant as a matter of
law. Id. 

 This case presents an issue regarding the scope of our review that
does not appear to be answered by existing case law: when
determining whether the plaintiff has met its "initial burden to plead
sufficient allegations to show jurisdiction in Texas," do we look only at
the third-party plaintiff's petition, or do we also consider other
documents on file, such as a response to the special appearance? The
cases we are aware of focus only on the allegations in the petition, but
do not mention whether the plaintiff filed any response to the special
appearance that may have expanded the allegations in the petition. See
Siskind v. Villa Found. For Educ., Inc., 642 S.W.2d 434, 437 (Tex.
1982); see also Mort Keshin & Co., Inc. v. Houston Chronicle Publ'g Co.,
992 S.W.2d 642, 647 (Tex. App.--Hous. [14th Dist.] 1999, no pet.); see
also Steve Tyrell Prods., Inc. v. Ray, 674 S.W.2d 430, 433 (Tex. App.--Austin 1984, no writ). We need not resolve this issue in this case
because, even considering both the petition and the response to the
special appearance, Frank Smith failed to plead sufficient allegations to
show jurisdiction in Texas.

 Frank Smith's third-party petition stated only that Atlantic Aero
had committed acts of negligence, without specifying what those
negligent acts were, or where they occurred. Therefore, Frank Smith's
petition fell well short of pleading sufficient allegations to show
jurisdiction in Texas. 

 In its response to the special appearance, Frank Smith argued that
"Atlantic Aero committed a tort by . . . negligently charging David
Pena's account $6450 without determining whether it was in fact David
Pena who was chartering this jet from North (sic) Carolina to McAllen." 
Frank Smith attached excerpts from David Pena's deposition, wherein
he describes verifying with Atlantic Aero that the charges on his credit
card were for a chartered flight arranged by a "David Pena," and a copy
of an itinerary showing Atlantic Aero flying "Beth Pena" and "Kim Pena"
from Charleston, South Carolina to McAllen, Texas at an expense of
$6450.(1) Even if we consider the response as "pleadings," it fails to
allege that Atlantic Aero committed a tort in Texas. The tort identified
in the response is "negligently charging" Pena "without determining
whether it was in fact David Pena." Frank Smith does not allege that
this tort was committed in Texas. Indeed, Atlantic Aero charged Pena's
account from its office in North Carolina, and anything Atlantic Aero
could have done to "determine whether it was in fact David Pena" prior
to charging the account would have had to be done from North
Carolina. 

 Frank Smith argued at the hearing on the special appearance, and
on appeal, that Atlantic Aero should have checked the identification of
the man claiming to be David Pena when it landed in McAllen, Texas. 
However, these arguments cannot be considered "pleadings." The
meaning of the term "pleadings" must be limited at least so as to
exclude matters not filed prior to the special appearance hearing. These
arguments cannot meet Frank Smith's "initial burden" to plead
sufficient allegations to show jurisdiction in Texas. 

 Because Frank Smith failed to meet this "initial burden," Atlantic
Aero was entitled to be excused from answering Frank Smith's lawsuit
in Texas on the basis of its verified special appearance stating that it is
not a Texas resident. We sustain the order of the trial court granting
Atlantic Aero's special appearance. 

 

 MELCHOR CHAVEZ

 Justice


Publish.

TEX. R. APP. P. 47.3.


Opinion delivered and filed this

the 19th day of October, 2000.


1. Atlantic Aero contends that these evidentiary materials should not
be considered because they were not timely filed. We hold that, even
if these materials are available for consideration, Frank Smith has failed
to meet its burden.