ACCEPTED
01-15-00073-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
8/13/2015 7:20:26 PM
CHRISTOPHER PRINE
CLERK

# NO. 01-15-00073-CV

## IN THE FIRST COURT OF APPEALS
### HOUSTON, TEXAS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

8/13/2015 7:20:26 PM

CHRISTOPHER A. PRINE
Clerk

## CORNELIS WILLIG
*Appellant*,


v.


## MARCELA GUTIERREZ DIAZ,
*Appellee.*

---

Appealed from the 309th Judicial District Court of
Houston, Texas
**Cause No. 2014-16063**

---

## APPELLEE'S BRIEF

---


Michael G. Busby
State Bar No. 24036294
Busby & Associates, P.C.
2909 Hillcroft Ave.
(713) 974-1151

ATTORNEY FOR APPELLEE

# TABLE OF CONTENTS

TABLE OF CONTENTS..................................................................................... ii

INDENTITIES OF PARTIES AND COUNSEL .......................................................1

INDEX OF AUHTORITIES...................................................................................2

STATEMENT OF THE CASE.................................................................................3

ISSUES PRESENTED.............................................................................................3

    **Issue No. One:** ............................................................................................ 7
. .................................................................................................................

    **Issue No. Two:**.........................................................................................12


    **Issue No. Three:**......................................................................................14
. .................................................................................................................

STATEMENT OF FACTS .....................................................................................4

    **Factual:**......................................................................................................4
    **Procedural :** ..............................................................................................4

SUMMARY OF ARGUMENT...............................................................................6

ARGUMENT ........................................................................................................7

CONCLUSION .....................................................................................................20

PRAYER ..............................................................................................................20

CERTIFICATE ....................................................................................................20

# IDENTITIES OF THE PARTIES AND COUNSEL

Appellee certifies that the following is a complete list of parties, attorneys, and any other person who has any interest in the outcome of this lawsuit:

| Defendants / Appellee: | Appellate & Trial Counsel |
|---|---|
| Marcela Gutierrez Diaz | Cornelis Willig |
| Michael Glynn Busby | Andres Chaumont |
| State Bar No. 240362294 | State Bar No. 02909450 |
| | |
| Busby & Associates, P.C. | Andres P. Chaumont |
| 2909 Hillcroft Street, Suite 350 | 806 Daria Drive |
| Houston, Texas 77057 | Houston, Texas 77079 |
| Telephone: (713) 974-1151 | Telephone: (281) 493-3999 |
| Facsimile: (713) 974-1181 | Facsimile: (281) 493-3993 |

Trial Judge:
Hon. Sheri Y. Dean(Trial)

# TABLE OF AUTHORITIES

## Cases

In re Milton, 420 S.W.3d 245 (Tex. App. 2013) .............................................................. 5

Schlobohm v. Schapiro, 784 S.W.2d 355 (Tex. 1990) ................................................... 5

Stallworth v. Stallworth, 201 S.W.3d 338 (Tex. App. 2006) ........................................ 6

Wood v. Wood, 159 Tex. 350, 320 S.W.2d 807 (1959) ................................................. 6

Reynolds v. Reynolds, 86 S.W.3d 272 (Tex. App.—Austin 2002) ............................... 6

In re Marriage of Lai, 333 S.W.3d 645 (Tex. App.—Dallas 2009) ............................. 6

Griffith v. Griffith, 341 S.W.3d 43 (Tex. App.—San Antonio 2011) ........................... 7

Powell v. Stover, 165 S.W.3d 322 (Tex. 2005) ............................................................. 7

Mills v. Bartlett, 377 S.W.2d 636 (Tex. 1964) ............................................................. 7

Wilson v. Wilson, 189 S.W.2d 212 (Tex. Civ. App.—Fort Worth 1945) .............. 7, 8, 9

Dearing v. Johnson, 947 S.W.2d 641 (Tex. App.—Texarkana 1997) ......................... 11

Hoffman v. Hoffman, 821 S.W.2d 3 (Tex. App.—Fort Worth 1992) .......................... 11

Calvert v. Calvert, 801 S.W.2d 217 (Tex. App.—Fort Worth 1990) .......................... 11

Boots v. Lopez, 6 S.W.3d 292 (Tex. App.—Houston [14th Dist.] 1999) .................... 13

Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238 (Tex. 1982) .... 13, 14, 15, 17

## Statutes

Tex. Fam. Code Ann. § 6.301 (West 2006) ........................................................ 5, 6, 7, 10

Tex. Fam. Code Ann. § 6.305(a)(2) (West 2006) ........................................................ 6

Tex. Fam. Code Ann. §§ 6.301, 6.308 (West 2006) .................................................... 10

Tex. Fam. Code Ann. § 6.308 (West 2006) ................................................................. 10

Tex. Fam. Code Ann. § 6.308(a) (West 2006) ....................................................... 11, 12

## Other

Section 6.301 and 6.308 ............................................................................................... 1

Id. at 12 ¶ 5 ................................................................................................................. 2

Id. at 12 ¶ 11 ............................................................................................................... 2

Id. at 8 ......................................................................................................................... 2

Id. at 88 ¶ 1 ................................................................................................................. 2

Id. at 45 ¶ 4 ................................................................................................................. 3

Id. at 11, 12, 42 ........................................................................................................... 4

9.5 of the Texas Rules of Appellate Procedure ......................................................... 18

## STATEMENT OF THE CASE

This was a divorce action with no children.  Petitioner husband (Cornelis Willig) herein after referred to as "appellant" filed initially on March 24th 2014 (CR. Vol. 1 at 2) then amended his petition for divorce on June 9th 2014. *CR. Vol. 1 at 12*. The Respondent (Marcela Gutierrez Diaz) herein referred to as "appellee," objected to jurisdiction of Texas courts by filing a special appearance and plea in abatement on May 27th 2014.  *CR. Vol. 1 at 7*.  During the course of the case, a motion to compel discovery was filed and then granted against the appellant for the production of certain documents used to determine residency of the appellant. *CR Vol. 1 at 60*.   On October 16, 2014, the trial court rendered its decision, Special Appearance was granted and the case was dismissed. The court signed the order of dismissal on October 31, 2014. *Id at 90.*

## ISSUES PRESENTED

Issue One:           The trial court was correct in granting Appellee's Special Appearance and entering judgment dismissing the Appellants' Petition for Divorce stating the Court in the Netherlands had assumed jurisdiction over the matter, given that Appellant filed his actual petition for divorce in Harris County before the Appellee filed her actual divorce petition in the Netherlands.

Issue Two:           The trial court was correct in granting Appellant's requested divorce, since the court did not have the authority under sections 6.301 and 6.308 of the Texas Family Code

Issue Three:           The trial court issued a proper ruling in entering Findings of Fact and Conclusions of Law and is supported by the evidence and testimonials presented by the appellee. It is the appellant who provides contradictory evidence and testimony.

## STATEMENT OF THE FACTS

An original petition for divorce was filed by appellant in Harris County, Texas on March 24, 2014. The appellee was personally served with the Original Petition for Divorce on June 23, 2015. The original petition stated that appellant had met domicile requirements to obtain Texas divorce. Paragraph number 5 of the original petition for divorce pleads for long arm jurisdiction over the appellee. *CR Vol. 1 at 2 ¶ 5.* Paragraph 10 and 11 of the original petition asked that the trial court divide community property and also confirm separate property. *CR Vol. 1 at ¶ 10-11*

On June 9, 2014 a first amended petition for divorce was filed by the appellant. Paragraph 3 of the first amended petition alleges that the appellant was a domiciliary and resident of Texas. The fifth paragraph of the petition includes "*in rem language,*" which requested that the court grant a divorce without the provisions that divide the marital estate. *Id. at 12 ¶ 5.* The eleventh paragraph of the First Amended Petition for Divorce requests for confirmation of separate property. *Id. at 12 ¶ 11.*

On May 27, 2014 a Special Appearance and a plea in abatement was filed by the appellee, objecting to Texas jurisdiction over the divorce matter. The Special Appearance verified pleading alleged that a divorce had been filed in the Netherlands, which granted the Dutch courts Jurisdiction. The Dutch courts issued temporary orders between the appellee and the appellant in addition to assuming jurisdiction over the divorce. Additional testimony from the record alleges that the parties had never lived together as husband and wife in Texas, they had no property in Texas, and that the Appellant was in Texas solely for work purposes for which arrival was on January 8, 2014. *Id. at 8.*

During the course of the proceedings appellant was served with discovery requests from the appellant, the responses were not produced until such time as the court ordered the appellant to provide responses to production on September 26, 2014 as evidenced by the proposed order signed by both attorneys for the parties, yet never signed by the court. *Id. at 88 ¶ 1.*

At the trial of the special appearance, appellant testified to having two pieces of real property in the Netherlands. *RR Vol. 2 at 11.* Appellant testified that he was given status in the United States as an investor. *Id at 12 ¶ 3.* In addition, the appellant alleged to have established a residence in the Texas in 2010, but was unable to state at trial how many nights he had stayed in Texas during 2010. *RR Vol. 2 at 12 ¶ 16.* Appellant testified he is a citizen of the Netherlands and not a citizen of the United States of America. *RR Vol. 2 at 14 ¶ 4; 7-8.*

In 2010, appellant did not possess a Texas driver license. *RR Vol. 2 at 15 ¶ 3-4.* When asked in 2011 how nights appellant had spent in Texas, he could not answer. *Id at 15 ¶ 18 - 21.* For the year 2012, appellant thought he spent 120 to 140 nights in Texas, but could not remember. *Id at 15 ¶ 24-25.* Yet for the year 2013, appellant remembers spending well over six months in Texas. *Id at 16 ¶ 3-5.* In February of 2014, appellant obtained a Texas Drivers license. *RR Vol. 2 at 14 ¶ 17.*

At the Special Apperance hearing on March 24 2014, appellant testified to signing his first residential lease. *Id at 16 ¶ 8-22*. Appellant further testified that his visa had an entry date into the United States on January 8th 2014. *Id at 2¶ 2-6*. Appellant testifies that a divorce was filed in the Netherlands by the appellee. *Id at 19 ¶ 11-12*. Appellant further testifies that he received divorce pleading on February 6' 2014. *Id at 21 ¶ 16-25*. Appellant testifies that the appellee resided in the marital homestead in the Netherlands. *Id at 22 ¶ 16-19*. Further, Exhibit 4 contains temporary orders had been entered in April of 2014, requiring the appellant to pay the mortgage and utilities on the family residence. *CR Vol. 1 Ex. 4 at 52*. During the hearing, direct examination with appellant's attorney reveals that the appellant knew a divorce was filed on February 4, 2014 in the Netherlands. *RR Vol. 2 at 36 ¶ 22*.

Appellant filed records with the United States Immigration Service under oath in 2011 stating his home address was in the Netherlands. *Id at 42 ¶ 3-25*. Appellant admits that his residence and home of record in the Netherlands. *Id. at 45 ¶ 4 to 25; at 46 ¶ 3*. Finally, appellant testifies that he answered the divorce from The Netherlands and had a temporary orders hearing prior to March 24th 2014. *Id at 49 ¶ 13*.

Appellee asserts that the Appellant's insistence that his testimony is neither controverted nor contradictory is in itself a contradiction as his testimony evidences.

## SUMMARY OF ARGUMENT

The trial court committed no error in dismissing the case because it was the Appellant's testimony that contradicted itself and not the court ignoring uncontroverted evidence. The appellant's testimony clearly shows that he was aware that the appellee filed for divorce in The Netherlands on February 14, 2014 before he filed for divorce in Harris County. This was demonstrated when he testified that he answered the divorce from Holland and had a temporary orders hearing prior to March 24th 2014. *RR Vol*. 2 at 49 ¶ 13.

It was proper to grant a status divorce as the court lacked authority under Texas law. The appellant's records, which he filed to in 2011, state that his home address was in the Netherlands and that he owns two pieces of property in the Netherlands. By his own testimony, the appellant is a Dutch citizen and the entry date on his visa for the United States was January 8, 2014 with Investor Status. *Id.* at 11, 12, 42. Thus the court has no authority in this case.

The trial court was proper in publishing findings of fact and conclusions of law because the evidence and testimony was not contradictory to the rulings. This is demonstrated by the facts that were demonstrated by the evidence and the testimony he gave at the hearing. He does not meet domiciliary requirements for jurisdiction, he does not have children, nor does he have property in the United States of America. The appellant would only benefit from the divorce in Harris County, Texas because it would cause the appellee to lose her status in the Netherlands and force her to leave. Thus, the appellant has unclean hands. *RR Vol. 2* at 21, 35, 36.

## ARGUMENT

## ISSUE NO. 1:

I.        The trial court was correct in granting Appellee's Special Appearance and entering judgment dismissing the Appellants' Petition for Divorce stating the Court in the Netherlands had assumed jurisdiction over the matter, given that Appellant filed his actual petition for divorce in Harris County before the Appellee filed her actual divorce petition in the Netherlands.

A suit for divorce may not be maintained in this state unless at the time the suit is filed either the petitioner or the respondent has been: (1) a domiciliary of this state for the preceding six-month period; and (2) a resident of the county in which the suit is filed for the preceding 90–day period. *Tex. Fam.Code Ann*. § 6.301 (West 2006). *In re Milton*, 420 S.W.3d 245, 251-52 (Tex. App. 2013).

A trial court may exercise jurisdiction over a nonresident defendant when (1) the Texas long-arm statute authorizes the exercise of jurisdiction, and (2) the exercise of jurisdiction is consistent with federal and state constitutional guarantees of due process. *Schlobohm v. Schapiro,* 784 S.W.2d 355, 356 (Tex.1990). In a suit for dissolution of a marriage, a trial court may exercise personal jurisdiction over a non-resident respondent if there is any basis

consistent with the Texas and United States constitutions for the exercise of personal jurisdiction. *Tex. Fam.Code Ann.* § 6.305(a)(2) (Vernon 2006); *Stallworth v. Stallworth*, 201 S.W.3d 338, 343 (Tex. App. 2006)

"The right to apply for, or obtain a divorce is not a natural one, but is accorded only by reason of statute, and the state has the right to determine who are entitled to use its courts for that purpose and upon what conditions they may do so." *Wood v. Wood*, 159 Tex. 350, 320 S.W.2d 807, 810 (1959). Under the Family Code, "[a] suit for divorce may not be maintained in this state unless at the time the suit is filed either the petitioner or the respondent has been: (1) a domiciliary of this state for the preceding six-month period; and (2) a resident of the county in which the suit is filed for the preceding 90–day period." See *Tex. Fam.Code Ann.* § 6.301 (General Residency Rule for Divorce Suit). Although section 6.301 is not itself jurisdictional, it is akin to a jurisdictional provision because it controls a party's right to maintain a suit for divorce and is a mandatory requirement that cannot be waived. *Reynolds v. Reynolds*, 86 S.W.3d 272, 276 (Tex.App.-Austin 2002, no pet.) (relying on Oak v. Oak, 814 S.W.2d 834, 837 (Tex.App.-Houston [14th Dist.] 1991, writ denied)); *See also In re Lai*, 333 S.W.3d 645, 648 (Tex.App.-Dallas 2009, no pet.). Therefore, the trial court cannot maintain a suit unless the residency requirements are met.

*Reynolds*, 86 S.W.3d at 276. While the requirements of domicile and residence under section 6.301 are a fact issue for the trial court to determine, such findings will be reversed if there is a clear abuse of discretion. *Griffith v. Griffith*, 341 S.W.3d 43, 53 (Tex.App.-San Antonio 2011, no pet. h.).9101112. "The test for 'residence' or 'domicile' typically involves an inquiry into a person's intent." *Powell v. Stover*, 165 S.W.3d 322, 326 (Tex.2005). When determining where a person resides, volition, intention and action are all elements to be equally considered. *See Mills v. Bartlett*, 377 S.W.2d 636, 637 (Tex.1964). In order to be a resident, there must be an intention to establish a permanent domicile or home, and the intention must be accompanied by some act done in the execution of the intent. *Wilson v. Wilson*, 189 S.W.2d 212, 213 (Tex.Civ.App.-Fort Worth 1945, no writ).

At the trial of the special appearance, appellant testified to having two pieces of real property in the Netherlands. *RR Vol. 2* at 11. Appellant testified that he was given status in the United States as an investor. *Id at 12 ¶ 3*. In addition, the appellant alleged to have established a residence in the Texas in 2010, but was unable to state at trial how many nights he had stayed in Texas during 2010. *RR Vol. 2* at 12 ¶ 16. Appellant admitted he is a Dutch citizen and not a citizen of the United States. *RR Vol. 2* at 14 ¶ 4; 7-8. In February of 2014, appellant obtained a Texas Drivers license. *RR Vol. 2* at 14 ¶ 17.

In 2010, appellant did not possess a Texas driver license. *Id.* at 15 ¶ 3-4. When asked in 2011 how nights appellant had spent in Texas, he could not answer. *Id.* at 15 ¶ 18 - 21. For the year 2012, appellant thought he spent 120 to 140 nights in Texas, but could not remember. *Id*. at 15 ¶ 24-25. Yet for the year 2013, appellant remembers spending well over six months in Texas. *Id*. at 16 ¶ 3-5.

On March 24th 2014, appellant admitted to signing his first residential lease in Texas. *Id.* at 16 ¶ 8-22. Appellant further admitted that his visa had an entry date into the United States on January 8th 2014. *Id.* at 2¶ 2-6. Appellant admits that a divorce was filed in the Netherlands by the appellee. *Id.* at 19 ¶ 11-12. Appellant further admits that he received divorce pleading on February 6, 2014. *Id.* at 21 ¶ 16-25. Appellant admits that the appellee resided in the family homestead in the Netherlands. *Id.* at 22 ¶ 16-19. Further, Exhibit 4, the Temporary Orders, had been entered in April of 2014, requiring the appellant to pay the mortgage and utilities on the family residence. *CR Vol. 1 Ex. 4* at 52. Testimony on direct from his attorney during the trial the appellant admits that a divorce was filed on February 4, 2014 in the Netherlands. *RR Vol. 2* at 36 ¶ 22.

Appellant filed records with the United States Immigration Service under oath in 2011 stating his address was in the Netherlands. *Id.* at 42 ¶ 3-25. Appellant admits that his residence and home of record in the Netherlands. *Id.*

at 45 ¶ 4 to 25; at 46 ¶ 3. Finally, appellant admits that he answered the divorce from Holland and had a temporary orders hearing prior to March 24th 2014. *Id.* at 49 ¶ 13.

Appellant argues that he filed first his divorce in Texas in his brief on page 6 and references that the Dutch Court has abated the proceedings in the Netherlands based on evidence submitted that the Appellant case was first in time. *Brief for Appellant* at 12 ¶ 9.

In Appellant's Motion for New Trial he raised the issue for the first time that his divorce action was filed first and that the initial lawsuit filed in the Netherlands was for support only. *CR Vol. 1* at 104 ¶ 2. At the trial, the Appellant admitted that the Appellee filed for Divorce in the. *RR Vol. 2* at 19 ¶ *11-12*. Appellant further admits that he received divorce pleadings on February 6, 2014. *Id at 21 ¶ 16-25*. Appellant admits that the appellee resided in the family homestead in the Netherlands. *Id at 22 ¶ 16-19*. Further, the temporary orders in Exhibit 4 had been entered in April of 2014, requiring the appellant to pay the mortgage and utilities on the family residence. *CR Vol. 1 Ex. 4 at 52.* Testimony on direct from his attorney during the trial the appellant admits that a divorce was filed on February 4, 2014 in the Netherlands. *RR Vol. 2 at 36 ¶ 22.*

Therefore, at the trial of the case, it was the testimony of the appellant that confirmed a divorce had been filed first and served first in the Netherlands that

was in front of the judge to determine issues of comity and jurisdiction. Appellant alleges in his brief that appellee is misleading the court. Further references are made about the appellant testimony having been uncontroverted and not contradicted. Yet, it is the appellant himself who has contradicted himself and thus not credible to the fact finder. The trial court committed no error, but properly dismissed the divorce.

II. Issue Two:     The trial court was correct in granting Appellant's requested divorce, since the court did not have the authority under sections 6.301 and 6.308 of the Texas Family Code.

A suit for divorce may not be maintained in this state unless at the time the suit is filed either the petitioner or the respondent has been:(1) a domiciliary of this state for the preceding six-month period; and(2) a resident of the county in which the suit is filed for the preceding 90-day period. *Tex. Fam. Code Ann*. § 6.301.

> (a) A court in which a suit for dissolution of a marriage is filed may exercise its jurisdiction over those portions of the suit for which it has authority.
> (b) The court's authority to resolve the issues in controversy between the parties may be restricted because the court lacks:
>> (1) the required personal jurisdiction over a nonresident party in a suit for dissolution of the marriage;
>> (2) the required jurisdiction under Chapter 152; or
>> (3) the required jurisdiction under Chapter 159.

> *Tex. Fam. Code Ann.* § 6.308 (West)

Divorce actions are *quasi in rem* proceedings, so that the court may have jurisdiction over the status of the marriage even if the court lacks personal jurisdiction over one of the parties. *Dearing v. Johnson*, 947 S.W.2d 641 (Tex. App. Texarkana 1997); *Hoffman v. Hoffman*, 821 S.W.2d 3 (Tex. App. Fort Worth 1992); *Calvert v. Calvert*, 801 S.W.2d 217 (Tex. App. Fort Worth 1990)]. A court presiding over a divorce action may exercise its jurisdiction over those portions of the suit for which it has authority. *Tex. Fam. Code Ann. §* 6.308(a). Thus, it may grant a divorce even if it lacks jurisdiction to grant some other relief requested by the parties.

An original petition for divorce was filed by appellant in Harris County Texas on March 24, 2014. *CR Vol. 1* at 4. Service was made via personal service on March 23, 2014 of the original petition for divorce. *Id.* at 4 ¶ 3. The original petition stated that the appellant had met the domicile requirements to obtain Texas divorce. Paragraph number 5 of the original petition for divorce pleads for long arm jurisdiction over the appellee. *CR Vol. 1 at 2 ¶ 5.* Paragraph 10 and 11 of the original petition asked that the trial court divide community property and also confirm separate property. *CR Vol. 1 at ¶ 10-11*

On June 9, 2014 a first amended petition for divorce as filed by the appellant. Paragraph 3 of the first amended petition alleges that the appellant was a domiciliary and resident of Texas. Paragraph number 5 of the first

amended petition for divorce invokes "*in rem language*" request that the court grant a divorce, without provisions that would divide the marital estate. *Id.* at 12 ¶ 3-5. Paragraph 11 of the first amended petition for divorce asks for confirmation of separate property. *Id. at 12 ¶ 11*

On March 24th 2014, appellant testified to signing his first residential lease. *Id at 16 ¶ 8-22*. The Appellant further testofoed that his visa had an entry date into the United States on January 8th 2014. At the trial of the special appearance, appellant testified to having two pieces of real property in the Netherlands. *RR Vol. 2 at 11*. The Appellant testified that he was given status in the United States as an investor. *Id. at 12 ¶ 3*. In 2011The Appellant filed records with the United States Immigration Service under oath, stating his address was in the Netherlands. *Id at 42 ¶ 3-25*. Appellant also testifies that his residence and home of record in the Netherlands. *Id. at 45 ¶ 4 to 25; at 46 ¶ 3*.

Thus, the trial court did not commit error by granting a status divorce as the trial court had no authority under 6.301 and 6.308 of the Texas Family code to grant the relief requested.

III. Issue Three:  The trial court issued a proper ruling in entering Findings of Fact and Conclusions of Law and is supported by the evidence and testimonials presented by the appellee. It is the appellant who provides

contradictory evidence and testimony.

The trial courts granting of a motion to dismiss which is predicated on a discretionary statute is reviewed under an abuse of discretion standard. *Boots v. Lopez,* 6 S.W.3d 292,294 (Tex App. - Houston [14th Dist.] 1999, pet. denied). The test for an abuse of discretion is not whether, in the appellate court's view, the facts present an appropriate case for the trial courts action. Rather, in order to prove the trial court abused its discretion, the complaining party must show the trial court acted without reference to guiding rules and principles, in other words, the trial court acted in an arbitrary or unreasonable manner. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241-242 (Tex. 1982).

Appellant argues that the Findings of fact No 5, 7, 8, 16, 17 are based on factual error. *CR Supp. Vol.* at 3,4 Appellant asserts on page 20 of his brief that January 2010 was the date that his residence was established in Harris County Texas. *Brief for Appellant* at 20 ¶ 24. Yet the verified sworn affidavit admitted into evidence at the trial Appellant filed records with the United States Immigration Service under oath in 2011 stating his address was in the Netherlands. *CR Vol. 1* at 50 ¶ 1. Appellant further testified that his residence and home of record in the Netherlands on 17 of January 2011 and the address of his residence is at 2 Herman Hejiermanslaan, North Holland 2106ES

Netherlands. *Id.*

At the special appearance hearing, appellant testified to having two pieces of real property in the Netherlands. *RR Vol. 2 at 11.* Appellant testified that he was given status in the United States as an investor. *Id at 12 ¶ 3.* Appellant admitted he is a Dutch citizen and not a citizen of the United States. *RR Vol. 2 at 14 ¶ 4; 7-8.* In February of 2014, appellant obtained a Texas Drivers license. *RR Vol. 2 at 14 ¶ 17.*

In 2010, appellant did not possess a Texas driver license. *RR Vol. 2 at 15 ¶ 3-4.* On March 24th 2014, appellant testified to signing his first residential lease in Texas. *Id at 16 ¶ 8-22.* Appellant further testified that his visa had an entry date into the United States on January 8th 2014. *Id at 2¶ 2-6.*

Findings of fact No 5, 7, 8, 16, 17 are entirely correct and supported by the record as referenced above. *CR Vol. Supp* at 3-4. Conclusions of law No 1 and No 4. are therefore proper findings of law as applied to the facts of this case. *Id.* at 5-6.

On page 21 of his brief, Appellant further argues that Findings of Fact 10, 11, 12, and 21 are also incorrect. *Id.* at 5-6; *Brief of Appellant* at 21 ¶ 27. Because of the purported error in the findings of fact above, appellant argues that conclusions of law No 1 and No 4 (*CR Vol. Supp.* at 5-6) are also incorrect on page 21 and page 22. *Brief of Appellant* at 21 ¶ 28

Yet, during the hearing Appellant testified that a divorce was filed in the Netherlands by the appellee. *Id at 19 ¶ 11-12.* Appellant further admitted that he received divorce pleading on February 6, 2014. *Id at 21 ¶ 16-25.* Appellant states that court erred because a divorce was not filed in February 2014, but instead a petition for support was filed, then a divorce was filed on March 28th 2014. *Id.* at 21-22 ¶ 30, 31.

This contradiction was not brought to the attention of the trial court during the trial. This contradiction was based on the testimony of the appellant. Furthermore, any error in the record is harmless error, as on June 9, 2014 a first amended petition for divorce as filed by the appellant. Paragraph 3 of the first amended petition alleges that the appellant was a domiciliary and resident of Texas. Paragraph number 5 of the first amended petition for divorce invokes "*in rem language*" request that the court grant a divorce, without provisions that would divide the marital estate. *Id. at 12 ¶ 5.* Paragraph 11 of the first amended petition for divorce asks for confirmation of separate property. *Id. at 12 ¶ 11.*

The original petition stated that the appellant had met the domicile requirements to obtain Texas divorce. Paragraph number 5 of the original petition for divorce pleads for long arm jurisdiction over the appellee. *CR Vol. 1 at 2 ¶ 5.* Paragraph 10 and 11 of the original petition asked that the trial court divide community property and also confirm separate property. *CR Vol. 1 at ¶*

*10-11*. This was not the live pleading on file at the trial. Both the original petition and the 1st amended petition allege that the Petitioner had been domiciled in Texas for the preceding six months and a residence of Harris County. The record at trial showed the most recent entry of appellant on January 8th 2014 into the United States (*RR Vol 3* at 128) 180 days from January 8th 2014 is July 7th 2014.

Appellee concedes and acknowledges that in February of 2014, appellant obtained a Texas Drivers license. *RR Vol. 2 at 14 ¶ 17*. On March 24th 2014, appellant admitted to signing his first residential lease. *Id at 16 ¶ 8-22*. These acts may establish intent to domicile himself in Texas. Yet, it is clear that six months had not passed from the filing of the 1st Amended Petition for Divorce since appellant had obtained a Texas drivers license or signed his first residential lease.

Appellant additionally cites to Clerk's Record Volume 1, pages165-172 in his argument that because the Dutch Court has abated the divorce in the Netherlands, the Dutch Court has determined that the first divorce filed was in Texas on March 24th. In reading CR 1: 167 paragraph 2.2.2

> "The woman has responded to this argument. She has argued that the man be declared non-suited on appeal. To this end, the woman has argued that even if it would indeed appear that the man's petition was divorce has been filed in America prior the woman's petition in the Netherlands, the man, in order for this petition to be declared admissible in America, must also

have been a domiciliary of Texas, for six month of a resident of this county( the court assumes this to be Harris County for ninety days. Since the man's name was only removed from the municipal Register in the Netherlands in January 2014, he does not meet this requirement, and therefore on appeal, his petition will also be declared to be non-suited."

Analysis of language that "the man removed himself from the Register in January of 2014 from the Netherlands", (*Id.* at 167 ¶ 2.2.2) reveals that he was a resident in the Netherlands up until the date of his entry into the United States on January 8th 2014 (*RR Vol. 3* at 128)  and not domiciled in Texas for six months prior to filing of the original petition nor the 1st amended petition for divorce.

Further reading of this ruling from the Dutch court (*CR 1* at 167-168), appellant has successfully stayed the entire divorce in the Netherlands yet only requests that Texas grant him a "status divorce" and not divide any property. *CR Vol. 1* at 12.  The intent of the appellant can be ascertained from the reporters record *RR Vol. 2* at 21 ¶ 13-15.  If a divorce is granted in the Netherlands she cannot stay in the Netherlands.  Further, the appellant states he is not asking Texas Courts to divide any property. *Id.* at 35 ¶ 24-25; at 36 ¶ 1. The intent of the appellant is to obtain status divorce in Texas, have the appellee deported from the Netherlands and then handicap her in the final trial of the property in the Netherlands.  The appellant has unclean hands.

## CONCLUSION

The facts presented support the Trial court's decision to grant Special appearance to the appellee and dismiss the case. The Court has no authority to grant a status divorce to the appellant as he was a Dutch Citizen with investor status; his only purpose would have been to gain favorable verdict through improper proceeding. Therefore, in the interest of fair play, the judgment of the trial court should be affirmed.

## PRAYER

Appellee Marcela Gutierrez Diaz prays that this Court affirm the judgment of the trial court

## CERTIFICATE OF SERVICE

I certify that, pursuant to Rule 9.5 of the Texas Rules of Appellate Procedure, on this 14th day of August, 2015 a copy of the Appellee's Brief was served on all parties of record.

By: _____/s/ Michael G. Busby____
Michael G. Busby
Attorney for Appellee

Word Count: 5,363

Page Count: 22 Pages